IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
MIGUEL ROMAN                          :          3:11 CV 491 (JBA)
                                      :
V.                                    :
                                      :
CITY OF HARTFORD ET AL.               :          DATE: MAY 14, 2013
                                      :
---------------------------------------------------------X

RULING REGARDING DECEASED DETECTIVE RONALD FAGGIANI

On March 30, 2011, plaintiff filed this lawsuit against defendants City of Hartford ["Defendant City"], Bernard Sullivan ["Defendant Chief Sullivan"], Stanley Lukas, Gerald Kumnick, James C. Rovella, Stephen A. Kumnick, James Pasqurell, Frederick Lewis [collectively "the Defendant Police Officers"], and ten John and Jane Does, with respect to his conviction on May 25, 1990, for the murder of Carmen Lopez (which occurred sometime between January 3-5, 1988), for which plaintiff remained in custody until December 19, 2008, when DNA testing exonerated him and the charges were dismissed on April 2, 2009. The complaint alleges malicious prosecution in violation of the Fourth Amendment (Count I), deliberate suppression of material favorable evidence and deliberate failure to conduct an adequate investigation in violation of the Fifth and Fourteenth Amendments (Count II), supervisory liability (Count III), deprivation of equal rights in violation of the Thirteenth and Fourteenth Amendments (Count IV), civil rights conspiracy in violation of the Fourth, Fifth and Fourteenth Amendments (Count V), malicious prosecution under Connecticut law (Count VI), false arrest and false imprisonment under Connecticut law (Count VII), intentional infliction of emotional distress (Count VIII), negligent infliction of emotional distress (Count IX), defamation (Count X), false light invasion of privacy (Count XI), violation of Article First,

Sections 7 & 9 of the Connecticut Constitution (Count XII), negligence (Count XIII), indemnification under CONN. GEN. STAT. § 7-465 (Count XIV), and direct action under CONN. GEN. STAT. § 52-557n (Count XV).

On January 7 and 15, 2013, this case was referred to this Magistrate Judge for discovery. (Dkts. ##43, 48; see also Dkts. ##38, 42). Under the latest scheduling order, all fact discovery is to be completed by September 30, 2013, and the deadline for the completion of expert discovery will be set in the future. (Dkt. #54, ¶¶ 4-5). In accordance with deadlines set by the Court (id., ¶ 2), on March 28, 2013, the Defendant City and Defendant Chief Sullivan submitted their letter addressing the discovery, evidentiary and liability issues raised by the death of Hartford Police Officer Ronald Faggiani[1], who had been one of the lead investigators with respect to the murder of Carmen Lopez, at issue in this litigation; the Defendant Police Officers forwarded their letter the next day; and plaintiff forwarded his letter on May 1, 2013.[2]

As the Defendant City and Defendant Chief Sullivan point out (3/28/13 Letter at 1), Faggiani's actions, or inactions, are mentioned repeatedly throughout plaintiff's sixty-three page complaint (see, e.g., ¶¶ 78, 82, 100-01, 120-21, 123, 125, 127-31, 133, 137, 139, 149, 153, 156, 159-60, 162, 164-65, 169, 178-81). The Defendant City and Defendant Chief Sullivan are correct that in that Faggiani passed away in 1991, Connecticut law prohibits the commencement of a lawsuit against a person who is already deceased at the time the lawsuit is commenced. (3/28/13 Letter at 2, citing O'Leary v. Waterbury Title Co., 117 Conn. 39,

---

[1] Defendants spell his last name as Faggiani (which is how it appears in his personnel records, see Dkt. #58), whereas plaintiff spells his last name as Faggaini throughout the complaint.

[2] If any party files an objection to this ruling, then the three letters will be docketed on CM/ECF.

2

166 A. 673, 676 (1933)("An action begun and prosecuted against a defendant who is dead when it was begun is null and void and may be attacked collaterally as well as directly.")(multiple citations omitted) and <u>Noble v. Corkin</u>, 45 Conn. Supp. 330, 333, 717 A.2d 301, 302-03 (Conn. Super. Ct. 1998)(Blue, J.)(same)).   See also <u>Tillinghast v. Heschel</u>, No. CV 116010554, 2012 WL 799372, at *2  (Conn. Super. Ct. Feb. 16, 2012)(multiple citations omitted)(same).

Defendant Chief Sullivan argues that in order for there to be supervisory liability against him under Count III, plaintiff must establish that a subordinate actor has committed a constitutional tort, and since Detective Faggiani is not, and cannot be, a named defendant, all discovery with respect to him is irrelevant.  (3/28/13 Letter at 2-3).  The Defendant City and Defendant Chief Sullivan contend that the same holds true for Count XIV under CONN. GEN. STAT. § 7-465 and for Count XV under CONN. GEN. STAT. § 52-557n.  (<u>Id.</u> at 3-5).  These two defendants and the Defendant Police Officers all argue that they cannot be held responsible for Detective Faggiani's actions.  (<u>Id.</u> at 6; 3/29/13 Letter at 1-2).

In his letter, plaintiff argues: that the Federal Rules of Civil Procedure contemplate broad and liberal discovery (5/1/13 Letter at 2-3), particularly with respect to civil right actions (<u>id.</u> at 3); that discovery is routinely taken from non-parties (<u>id.</u> at 4); that the requested discovery is relevant under Rule 26(b) to Count III (<u>i.e.</u>, ¶¶ 77-83), Count IV (<u>i.e.</u>, ¶¶ 86, 93-94, 98, 100-01), and Count V (<u>i.e.</u>, ¶¶ 105-09)(<u>id.</u> at 4-5); that in civil rights case, courts have permitted discovery of personnel files, training records, citizen complaint files and disciplinary files of law enforcement officers who have not been named as defendants in the lawsuit (<u>id.</u> at 6); that the discovery sought regarding Faggiani is warranted under the "good cause" standard (<u>id.</u> at 7); and that the discovery requests are not unduly burdensome

(id.).

In Hampton v. City of San Diego, 147 F.R.D. 227, 229 (S.D. Cal. 1993), the Magistrate Judge found that the personnel files and internal affairs histories of the non-party police officers at the scene "may be relevant to plaintiffs' claims against the City as relates to its policies of hiring, training, supervision and control[,]" as well as "may be relevant to the non-party officers' credibility and their willingness to intercede during instances of alleged improper conduct of fellow officers."

None of the three letters cited any cases even remotely similar to the issue raised here, that is the supervisory liability under Section 1983 for the actions or inactions of a police officer who passed away long before the lawsuit was commenced, which in this case is twenty years.  Exhaustive research by the Magistrate Judge similarly revealed no similar cases.  Given the broad discovery permitted in civil rights cases (see 5/1/13 Letter at 2-3), for purposes of discovery only, plaintiff is entitled to discovery with respect to Detective Faggiani, to the extent that there are any documents beyond his personnel records, which already have been subjected to an in camera review. (See Dkt. #58, at 2).  Given the age of the documents, and the difficulties defendants may encounter in locating them (see Dkt. #54, ¶ 4), **on or before June 21, 2013**, defense counsel shall notify other counsel and the Magistrate Judge whether or not there are any additional documents with respect to Detective Faggiani, and if so, may submit copies to this Magistrate Judge's Chambers for her in camera review by such date.  During the course of depositions, plaintiff's counsel may also inquire as to actions, or inactions, taken by Detective Faggiani, as to which the deponents have direct knowledge.

In light of the absence of relevant case law on this issue, the Court leaves to a future

time resolution of the evidentiary and liability issues, after the completion of discovery here.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.  See also Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut.

Dated at New Haven, Connecticut, this 14th day of May, 2013.


    /s/ Joan G. Margolis, USMJ  
Joan Glazer Margolis
United States Magistrate Judge