IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------X
                                        :

MIGUEL ROMAN                        :         3:11 CV 491 (JBA)
                                        :
V.                                          :
                                        :
CITY OF HARTFORD ET AL.        :         DATE: JUNE 30, 2014
                                        :
----------------------------------------------------------X

RULING REGARDING DEFENDANTS' SUPPLEMENTAL DISCOVERY RESPONSES

This ruling will address one of the discovery issues raised in Plaintiff's June 24, 2014 Letter, at 5-6, Defendants' June 25, 2014 Letter, at 1-2,[1] and Plaintiff's June 25, 2014 Letter.[2] A lengthy discovery conference was held on June 25, 2014 with respect to all the matters raised in these letters. (Dkt. #89).

With respect to Interrogatory No. 11, the Ruling on Pending Discovery Disputes, filed March 27, 2014 (Dkt. #79), ordered defendants City of Hartford and Sullivan to "identify by Bates Stamp numbers the specific documents [regarding the policies of the Hartford Police Department from 1987-88], or refer to them by title and date, and not just mention them all in a generic fashion." (At 8).

In his June 24th letter (at 5), plaintiff represents that these defendants provided a supplemental response, dated May 22, 2014, which provided in relevant part:

> In addition to nationally recognized standards of police practice, guidelines and procedures which were common practice in 1987 and 1988, please refer

---

[1]Attached as a copy of defense counsel's letter, dated June 12, 2014.

[2]Attached are copies of correspondence and e-mail between counsel, dated June 4, 19 & 24, 2014, and copies of cost estimates for the Nault Deposition, of a Notice of Intent to Sue, dated December 22, 1987, and of Plaintiff's Disclosure of Expert Witnesses, dated December 31, 2012.

The remaining issues either have been resolved by counsel or will be addressed at a future time.

> to the Connecticut Police Standards Training Counsel for the mandated and approved standards, training, and course curriculum for all sworn police officers in the State of Connecticut, and to the extent that the training files reflect that training or any additional training in those particular topics, please refer to those records already produced.

Plaintiff complains that "[d]efendants' response . . . fails to identify which sections of the Connecticut Police Standards Training Counsel . . . are applicable . . . and . . . relevant to this case[.]" (Id. at 6). In that "[d]efendants have not pointed to any specific sections of this mass collection of police policies," plaintiff contends that they "thus have failed to meaningfully respond to plaintiff's request[,]" and should identify and produce such documents. (Id.).

As defendants responded, these state police standards (called "POST") are maintained by the Connecticut State Police, are not maintained at the Hartford Police Department, are "presumably public records[,]" and "can be more readily obtained at less cost and expense" by plaintiff. (Defendants' June 25, 2014 Letter, at 1-2). As further indicated by defense counsel at the June 25, 2014 discovery conference, these POST standards are on line (see www.ct.gov/POST); however, the standards appearing on line are the ones effective as of December 2012 and July 2013,[3] and obviously not in 1987-88. In that the POST standards are matters of public record maintained by the Connecticut State Police and not by the Hartford Police Department, plaintiff's counsel shall attempt to locate,

---

[3]There are three documents that could be relevant -- "Regulation of the Police Officer Standards and Training Council," revised as of March 2005 (19 pps), and "Amended Portion of Regulations," dated December 4, 2012 (6 pps). These two entries are found under "Publications," and presently are the first two items under "Agency Information."

The third document is entitled "State Accreditation Standards Revised July 2013" (133 pps) and is found under "Publications," and presently is the first entry after "Notifications and Publications."

from the Connecticut State Police, the version in effect in 1987-88.  Assuming that plaintiff can obtain a copy of the 1987-88 version from the Connecticut State Police, then plaintiff shall provide a copy to defendants, who will then identify the <u>specific</u> sections on which they relied.  If, however, the Connecticut State Police needs more specificity before it can locate the POST standards from twenty-six to twenty-seven years ago, then defendants shall identify the <u>specific</u> sections on which they relied, to enable plaintiff to obtain copies of the same from the Connecticut State Police.[4]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.  <u>See also Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)(failure to file timely objection to Magistrate Judge's discovery ruling <u>will</u> preclude further appeal to Second Circuit).

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut.

---

[4]Counsel should have been able to figure all of this out on their own, without burdening the Court.

Dated at New Haven, Connecticut, this 30th day of June, 2014.

                                            /s/ Joan G. Margolis, USMJ  
                                            Joan Glazer Margolis  
                                            United States Magistrate Judge