IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------X
                                                :

MIGUEL ROMAN                          :           3:11 CV 491 (JBA)
                                                :
V.                                                   :
                                                :
CITY OF HARTFORD ET AL.        :           DATE: AUGUST 12, 2014
                                                :
-------------------------------------------------------X

## YET ANOTHER RULING REGARDING DEPOSITION OF PLAINTIFF'S EXPERT WITNESS, T. MICHAEL NAULT AND SUPPLEMENTAL SCHEDULING ORDER

On January 7, 2013, U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery. (Dkt. #43; see also Dkt. #48). In the last eighteen months, this Magistrate Judge has filed six discovery rulings (Dkts. ##55, 58, 59, 79, 83, 90) and held five discovery conferences, followed by memoranda with scheduling orders. (Dkts. ##53-54, 65-66, 73-75, 77-78, 85-86 ). Four of the memoranda and rulings specifically have addressed the deposition of one of plaintiff's expert witnesses, T. Michael Nault. (Dkt. #75, ¶ 5; Dkt. #78, Dkt. #79, at 11; Dkt. #83; Dkt. #86, ¶ 3). Despite this fairly unprecedented judicial involvement in just <u>one</u> deposition, multiple controversies still persist between the parties in bringing this constantly postponed deposition to fruition, and in completing discovery in this case.

On August 7, 2014, defendants City of Hartford and Chief Sullivan forwarded a letter to this Magistrate Judge ["Defendants' Letter"],[1] in which, by letter bearing the same date, the individual defendants joined. That same day, plaintiff forwarded a letter in response ["Plaintiff's Letter"],[2] followed by another letter the next day.[3]

---

[1]Attached as Exh. A is a copy of plaintiff's proposed expenses, dated August 4, 2014.

[2]Five exhibits were attached: two medical forms regarding Nault (Exh. A); copy of retainer agreement with Nault, dated March 24, 2012 (Exh. B); another copy of plaintiff's proposed

There are three major issues in dispute: (1) the location of the Nault deposition (Defendants' Letter at 1-2; Plaintiff's Letter at 1); (2) the expenses and costs of deposing Nault (Defendants' Letter at 2-3; Plaintiff's Letter at 2); and (3) the schedule for completing the rest of discovery (Defendants' Letter at 4-6; Plaintiff's Letter at 2-5).

Regarding the first issue, although plaintiff initially had argued that the Nault deposition ought to be held in Seattle, Washington, where the expert is located, for several months now, the parties have operated under the assumption that the deposition would be held in Hartford, Connecticut, with the parties having selected a date of September 12, 2014. (See Plaintiff's Letter, Exhs. C-E). For the first time, plaintiff's counsel now asserts that Nault has orthopedic problems, which will make cross-country travel difficult for him, a complaint with which this judicial officer has great sympathy. (Id., Exh. E, at 2). However, the medical documentation submitted by plaintiff's counsel reflects medical appointments held in December 2013 and March 2014, with an expected surgery date in April 2014 (Plaintiff's Letter, Exh. A), which apparently did not happen. If Nault's restrictions were as severe as claimed, he would not have postponed his total knee replacement for at least five months; in addition, according to defense counsel, the September 12th date was set in light of Nault's "extensive travel plans both before and after the dates provided." (Defendants' Letter at 2). Therefore, the deposition will be held in Hartford, as planned.

---

expenses (Exh. C); and copies of correspondence between counsel, dated July 23 and August 4, 2014 (Exhs. D-E).

[3]If any party files an objection to this ruling, then these letters will docketed on CM/ECF.

A portion of Defendants' Letter (at 5-6), and all plaintiff's August 8 Letter are devoted to plaintiff's application pending before the Claims Commission. None of the issues are relevant at the present time, and these discussions are instead illustrative of the serious problems that unfortunately have permeated this litigation. See note 4 infra.

With respect to the second issue, defendant City of Hartford represents that it cannot agree to a prepayment of any expenses, as it requires an executed W-9 Form and a copy of a paid invoice or receipt for any expense that the City agrees to pay; in addition, the City agrees to pay for a direct, refundable airfare on Alaska Airlines from Seattle to Boston on the day prior to the deposition and a return flight the following day, hotel accommodations for two nights at a reasonably priced hotel in the Hartford area, and automobile rental for a small vehicle for three days.  (Id.).  It does not appear that plaintiff has any objection to these terms.  (Plaintiff's Letter at 2).  However, the parties disagree as to the compensation that Nault will receive.  Plaintiff argues that defendants should be responsible for Nault's "portal-to-portal travel time" in the amount of $7,040 ($4,700 for travel time plus $2,340 while in Hartford), whereas defendants have offered to pay Nault his hourly fee of $195 for his deposition.  (Plaintiff's Letter at 2 & Exh. B; Defendants' Letter at 3).  In J.P. Sedlak Assocs. v. CT Life & Cas. Ins. Co., No. 3:98 CV 145 (DFM), 2000 WL 852331, at *8 (D. Conn. Mar. 31, 2000), U.S. Magistrate Judge Donna F. Martinez held that plaintiff's expert was entitled to an hourly fee of $175/hour, with no enhancement for a higher out-of-state fee of $225/hour, and travel rates at fifty percent of his ordinary rate.  At *8.  Therefore, Nault is entitled to $195/hour for the time spent specifically preparing for and attending his deposition, and $97.50/hour for his travel time, beginning when he enters the Seattle airport until he arrives at his hotel in Hartford, and resuming when he leaves his hotel in Hartford and arrives back at the Seattle airport; he is not entitled to be compensated for any "down time" when he is located in Hartford but is not devoted to this lawsuit.

The last issue concerns the remaining discovery, for which defendants seek the following: (1) disclosure of plaintiff's medical records with Drs. Carmen Santos and Margarita

Hernandez in advance of plaintiff's deposition, scheduled for August 15, 2014; (2) production of Nault's materials by August 28, 2014, in anticipation of his deposition, scheduled for September 12, 2014; (3) independent psychological examination of plaintiff in late September-early October 2014; (4) depositions of Drs. Santos and Hernandez, and of Dr. James Cohen, plaintiff's vocational expert; (5) depositions of ten experts from the State Crime Laboratory, Medical Examiner's Office, and FBI, all to be completed by December 15, 2014; and (6) disclosure of defendants' expert witnesses and depositions thereof, all to be completed by March 31, 2015.  (Defendants' Letter at 4-5).  Plaintiff objects to extending the discovery deadline "well into 2015[,]" indicating that Drs. Santos, Hernandez and Cohen are available for deposition in August-September, "in the near future," or "immediately[,]" and will provide their files one week in advance of any expert deposition.  (Plaintiff's Letter at 2-3, 5).  As to plaintiff's seven scientific experts, plaintiff represents that two already have been deposed (Elaine Pagliaro and Ken Zercie) and the scientific reports of the rest (Lawrence Presley, Joy Reho, John Schienman, Kevin Parisi and Dr. Malka Shah) have been in defendants' possession since the commencement of this lawsuit, so that "the extensive time line defendants are requesting for deposing plaintiff's disclosed experts is unwarranted." (Id. at 2-5).  Parisi, Reho and Schienman are employees of the Connecticut State Laboratory, and according to plaintiff, Presley, formerly of the FBI, "is . . . available to be deposed immediately[.]"   (Id. at 5).   Therefore, plaintiff argues that it is "unreasonable and unwarranted to extend discovery several months into 2015[,]" which would postpone summary judgment until spring 2015.  (Id.).  Plaintiff instead asks that the depositions of plaintiff's experts be completed by September 30, 2014.  (Id.).

Given the history of discovery in this litigation to date, plaintiff's suggestion is wholly

unrealistic.  The Magistrate Judge instead imposes the following schedule:

(1) Plaintiff's medical records with Drs. Carmen Santos and Margarita Hernandez shall be disclosed in advance of plaintiff's deposition, scheduled for August 15, 2014;

(2) Nault's materials shall be produced **on or before August 28, 2014**, in anticipation of his deposition, scheduled for September 12, 2014;

(3) Subject to the availability of the examiner, the independent psychological examination of plaintiff shall be held **on or before October 10, 2014**;

(4) The depositions of Drs. Santos and Hernandez, of Dr. Cohen, and of plaintiff's ten scientific experts shall be completed **on or before December 5, 2014**; and

(5) Defendants shall disclose their expert reports **on or before January 9, 2015**, and the depositions of such experts shall be completed **on or before February 27, 2015**.[4]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.  See also Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second**

---

[4]This ruling, with the numerous prior rulings and memoranda, painfully reflect a remarkably intractable relationship between counsel.  At the conclusion of virtually every discovery conference, counsel promise that they will cooperate with one another on whatever is the next discovery issue looming on the horizon, only to have discussions break down at the earliest moment, followed by several letters to this Magistrate Judge with a myriad of complaints about opposing counsel.

The Court does not have the time to micro-manage each and every detail about depositions, essentially becoming an expert witness' travel agent.  All counsel are hereby forewarned that if they fail to cooperate with one another in arranging and completing the multiple expert depositions to be held by February 27, 2015, the Magistrate Judge will not hesitate to appoint a Special Master to supervise the remainder of discovery, whose hourly fees will be borne by the parties.

**Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut.

Dated at New Haven, Connecticut, this 12th day of August, 2014.

 /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge