ELECTRONIC ENDORSEMENT IN ROMAN V. CITY OF HARTFORD, 11 CV 491 (JBA), ON PLAINTIFF'S MOTION FOR ORDER REGARDING REMAINING EXPERT DISCOVERY ISSUES, filed 1/19/16 (Dkt. #121)

2/17/16 – On January 19, 2016, plaintiff filed the pending Motion for Order Regarding Remaining Expert Discovery Issues (Dkt. #121), with eight exhibits, with respect to four issues: (1) the deposition of Dr. Malka Shah (at 1-5); (2) file production and fee payment regarding defendants' experts, Dr. Stephen Sarfaty and W. Ken Katsaris (at 5-6); (3) the request for striking Katsaris' expert witness report under FED. R. CIV. P. 26(a)(2) and 37(c)(1) (at 6-10); and (4) production of Dr. Sarfaty's data and protocols (at 10-12). On January 25, 2016, defendants filed their Joint Objection (Dkt. #123), to this motion, with five exhibits.[1]

On February 3, 2016, counsel filed a joint letter, advising the Magistrate Judge that the parties have resolved the first two issues but not the second two. Five days later, plaintiff filed his reply brief (Dkt. #125), with three exhibits[2]; the next day, defendants filed their Joint Supplemental Objection (Dkt. #126), with one exhibit.

As to the third issue, namely whether Katsaris' expert witness report should be stricken under FED. R. CIV. P. 26(a)(2)(B) and 37(c)(1)(see Dkt. #121, at 6-10; Dkt. #123, at 4-8 & Exh. 3; Dkt. #125, at 2-8 & Exhs. B-C; Dkt. #126, at 2 & Exh. A); after a careful review of Katsaris' expert witness report (Dkt. #125, Exhs. B-C), the expert report more than satisfies the requirements set forth in the Federal Rules, at least at this juncture, and should not be stricken. See, e.g., Lutes v. Kawasaki Motors Corp., No. 10 CV 1549 (WWE/HBF), 2015 WL 1395898, at *1-6 (D. Conn. Mar. 25, 2015)(Fitzsimmons, MJ); Powerweb Energy, Inc. v. Hubbell Lighting, Inc., No. 12 CV 220 (WWE), 2014 WL 1784082, at *3-4 (D. Conn. May 5, 2014)(analyzing the admissibility of expert testimony under FED. R. EVID. 702); Kuzmech v. Werner Ladder Co., No. 10 CV 266 (VLB), 2012 WL 6093898, at *1-9 (D. Conn. Dec. 7, 2012)(holding expert report and testimony inadmissible under Rule 702 and the report fails to meet the requirements of Rule 26).[3]

As to the fourth issue, regarding the production of Dr. Sarfaty's data and protocols (see Dkt. #121, at 10-12 & Exhs. E-H; Dkt. #123, at 9-10 & Exh. 2; Dkt. #125, at 8-9), plaintiff advocates inclusion of the language "corresponding testing materials" while Dr. Sarfaty and defendants insist upon the phrase "test data"; the Magistrate Judge agrees that plaintiff is entitled to examination of the data and examination protocols, consistent with what defense counsel requested from Dr. Margarita Hernandez, plaintiff's treating neuropsychologist. (See id.).[4]

---

[1]On January 26, 2016, this Magistrate Judge filed a partial ruling (Dkt. #124) regarding the Shah deposition.

[2]The February 3rd letter was attached as Exh. A.

[3]This conclusion obviously is not binding upon Judge Arterton when she considers any party's Motion for Summary Judgment, or Motions In Limine and/or Daubert motions prior to any trial.

[4]If counsel agree that now would be an appropriate time for a settlement conference, in light of the decision recently issued by the Claims Commissioner, counsel shall contact this Magistrate Judge's Chambers accordingly.