## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MIGUEL ROMAN,** | : |
| *Plaintiff,* | : **CASE NO. 3:11cv00491 (JBA)** |
| | : |
| **V.** | : |
| | : |
| **CITY OF HARTFORD, et al.** | : |
| *Defendants.* | : **SEPTEMBER 6, 2016** |

## PLAINTIFF'S MOTION FOR ORDER AND TO MODIFY SCHEDULING ORDER

Pursuant to Fed.R.Civ.P. 26(c), plaintiff respectfully moves the Court for an order precluding defendants' disclosed expert witnesses from testifying as fact witnesses which would constitute an improper reopening of fact discovery or, in the alternative, to impose certain terms and conditions for such discovery consistent with Rule 26(c)(1)(B), and as proposed below. Additionally, plaintiff respectfully requests that the Court enter a similar order with regard to the resumed deposition of Miguel Roman more than two years after it was suspended by defendants.

As the Court is aware from plaintiff's July 18, 2016 letter to the Court, on June 24, 2016, the defendants disclosed two additional experts: James Looby and Retired State's Attorney John Massameno, both of whom worked alongside Hartford Police Department personnel (including some of the defendants) in the prosecution of Miguel Roman. In both disclosures, defendants declared that both witnesses would be providing fact testimony, although no prior disclosure under Rule 26(a)(1)(A)(i) was made.

Further, by June 24, 2016 letter, defendants also announced their intention to resume the deposition of plaintiff Roman, which was never discussed after the deposition was suspended in August 2014 after continuing from approximately 10:00

1

a.m. to 4:00 p.m., comprising over four hours of testimony. While plaintiff does not wish to burden the Court with motion practice, and is mindful of the Court's admonition that the parties attempt to work cooperatively in resolving their discovery agreements, defendants' recent actions make it necessary to request relief.[1]

## I. **BACKGROUND**

On July 28, 2011 and on subsequent occasions, the defendants made disclosures under Rule 26(a)(1). With regard to defendants' initial disclosure of individuals likely to have discoverable fact information under Rule 26(a)(1)(A)(i), defendants made an all-encompassing statement that their potential fact witnesses were "individuals …too numerous to set forth in itemized fashion…[and] refers the Plaintiff to all of those individuals who are referred to by name in all of the documents and records…" Neither Mr. Looby nor Attorney Massameno were disclosed under Rule 26(a)(1)(A)(i).

On June 24, 2016, defendants filed the disclosure of Mr. James Looby, retired from both the Hartford Police Department and the Hartford State's Attorney's office, and of John Massameno, retired Hartford State's Attorney, as experts under Rule 26(a)(2)(c). (Exhibits A and B attached hereto). Neither expert has prepared a report.[2]

---

[1] Pursuant to L.Civ.R. 37(a), plaintiff has attached an affidavit of counsel. (Exhibit D).
[2] In this motion, the plaintiff is not addressing the sufficiency of the disclosures, the experts' qualifications, or the propriety of their testimony in the matter. Plaintiff will address those matters after fact depositions have concluded. In fact, plaintiff has serious concerns regarding the ability of these witnesses to testify as experts given their direct participation in the events giving rise to this lawsuit. See Cameron v. City of New York, 598 F.3d 50, 65-67 (2d Cir. 2010) (in which the Second Circuit stated: ". . . we hold that prosecutors' opinions as to probable cause and complaining officers' credibility are irrelevant in virtually all cases involving claims of malicious prosecution," and further concluded that a police lieutenant involved in the case also could not give such

However, in addition to expert testimony, defendants' disclosure of Attorney Massameno specifically indicates that he will provide "factual" evidence. Defendants' disclosure of Mr. Looby indicates that he is "anticipated to testify concerning the assistance he provided to the prosecuting attorney."

Both of these witnesses were factually involved in matters going to the heart of his litigation, namely the original prosecution of Miguel Roman, **and** the 2008 re-investigation. More specifically, Mr. Looby, a former member of the Hartford Police Department, was the primary investigator assigned to the prosecution of Miguel Roman at the Hartford State's Attorney's office. He assisted in the investigation and trial preparation, and sat at counsel table for the prosecution. He later was involved in the 2008 re-investigation. Attorney Massameno was the trial prosecutor in the case of State v. Miguel Roman, and subsequently took part, in some measure, in the reinvestigation efforts of Mr. Roman's case. Indeed, both witnesses had interactions with some or all of the defendants, other Harford Police Department personnel, and others who participated in the investigation and prosecution of Miguel Roman. Both are in a position to have familiarity with customs, habits and/or procedures of the Hartford Police Department, the Hartford State's Attorney's office, and other law enforcement and related agencies during the time period that Mr. Roman was investigated and prosecuted. Further, both of these witnesses subsequently took part, in some measure, in the 2008 reinvestigation into the deaths of Carmen Lopez, Mayra Cruz and Rosa Valentin, which ultimately led to the exoneration of Miguel Roman.

In short, both of these "expert" witnesses are expected to support their opinions with their recollections of what factually transpired during the prosecution of Mr. Roman, i.e. their participation in the events at issue.

---

testimony).

3

Regarding plaintiff Roman's deposition, on June 24, 2016, defendants sent a letter request to resume the deposition of the plaintiff, which defendants suspended nearly two years ago on August 15, 2014, and never resumed. Defendants' position is that that they are entitled to revisit the plaintiff's deposition because they had announced that intention at the deposition in 2014.

In a letter to the Court dated December 4, 2013, plaintiff's counsel addressed defendants' then minimal efforts to depose Mr. Roman, quoted here for the Court's convenience:

> Attorney Szerejko had originally noticed this deposition some time ago. The deposition did not take place on the original date scheduled. On November 1, 2013, Attorney Szerejko noticed the deposition for November 26, 2013 (without consulting counsel as to the date). Although the plaintiff and counsel could have accommodated that request, Attorney Szerejko marked over the deposition, due to a scheduling conflict. The undersigned had requested that all counsel agree to two dates in order to complete the remaining depositions in the first two weeks of December -- one date for plaintiff Roman's deposition and one date for the other three depositions. This did not occur.

Defendants eventually deposed Mr. Roman on August 15, 2014, a date which, itself, was after the fact discovery deadline. In the nearly two-year period from August 15, 2014 until the June 2016 letter, there was no discussion, or indication, that defendants intended to resume plaintiff's deposition. The defendants did nothing to reschedule the deposition. In fact, during the numerous discovery conferences with this Court, wherein the Court confirmed with the parties that fact discovery was complete, the defendants never broached the subject of resuming the plaintiff's deposition.

Plaintiff also specifically addressed defendants' lack of effort in a letter to the Court dated December 18, 2014 (summarizing discovery efforts to date and outstanding issues), again quoted here for the Court's reference:

> The plaintiff was deposed on August 15, 2014 at 10:00 a.m. at defense counsel's office. Given the plaintiff's limited intelligence, need for a Spanish interpreter, the traumatic nature of the case, and the questioning, the deposition was extremely difficult for the plaintiff to endure. Defense counsel concluded the deposition at 4:00 p.m., and indicated that another date would be arranged for the conclusion. To date, defense counsel has not provided available dates, or indicated a desire to finish.

Despite the fact that plaintiff specifically raised this issue, and that the Court requested that the parties marshal the entirety of their discovery concerns and issues by January 22, 2015, defendants failed to address the issue of plaintiff's incomplete deposition in any response to either the Court of plaintiff's counsel. Notwithstanding that fact discovery had already been completed.

## I. **ARGUMENT**

### A. **Defendants' witnesses James Looby and Attorney John Massameno should be precluded from testifying as fact witnesses or, in the alternative, the Court should enter orders ameliorating any prejudice to plaintiff.**

Defendants' attempt to disclose Mr. Looby and Attorney Massameno as expert witnesses -- while seeking to introduce and rely upon their factual testimony as to actual events in which they were involved -- runs afoul of the discovery schedule, the factual discovery deadline and basic fairness in conducting prior factual discovery. Defendants' late disclosure of these significant fact witnesses long after the deadline for doing so, and long after the closure of all fact discovery generally, is substantially prejudicial to plaintiff and should not be allowed.

Defendants' actions are impermissible and prejudicial for several reasons. First, they are contrary to the existing scheduling order, which provides that discovery would be completed in a specific order: fact discovery, followed by plaintiff's expert discovery,

followed finally by defendants' expert discovery. Second, they violate Rule 26(a)(1)(A)(i) which requires that a party provide: "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Plaintiff has previously addressed defendants' failure to comply with this rule in a December 3, 2013 letter to the Court, quoted here for the Court's convenience:

On July 28, 2011, defendants filed disclosures in compliance with Fed.R.Civ.P. 26(a)(1). In response to Rule 26(a)(1)(A)(i), defendants listed some specific individuals who they claimed possessed discoverable information that defendants may use to support their positions. Plaintiff has deposed all of the persons listed in that disclosure, with the exception of the former Claims Commissioner James Smith, Karen Goodrow (Mr. Roman's attorney) and Ursula Wiebusch---whose deposition was scheduled but did not go forward.

However, in their July 28, 2011 disclosure and in their subsequent supplemental disclosures dated August 18, 2011 and April 9, 2012, defendants have essentially abdicated their responsibility under Rule 26(a)(1)(A)(i), by stating that "As the claims and allegations of the plaintiff's complaint and records pertaining to said claims span the course of over twenty years and over three criminal investigations, the names and locations of all individuals likely to have discoverable information are too numerous to set forth in itemized fashion, however, the Defendant refers the Plaintiff to all of those individuals who are referred to by name in all of the documents and records that are being produced herewith on the enclosed Compact Disc. . . . "

In short, the defendants' initial disclosures indicate that defendants may support their position, and plaintiff may obtain discoverable fact information, from anyone "identified by name" in the <u>thousands</u> of pages of documents produced. This non-response does nothing to add information to the disclosure and is unacceptable. <u>See</u> <u>Lujan v. Cabana Management, Inc.</u>, 284 F.R.D. 50, 73 (E.D.N.Y. 2012) (holding that, to satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial, and concluding that "the mere mention in discovery" of proposed fact witness declarants "did not constitute a sufficient 'supplement' of defendants' Rule 26(a) disclosures") (citing <u>Kullman v. N.Y.</u>, No. 07–CV–716 (GLS/DRH), 2009 WL 1562840 at *6–8 (N.D.N.Y. May 20, 2009) (precluding plaintiffs from calling witness who was not identified by them as a potential witness, even

though witness' name had been mentioned in discovery and plaintiffs' counsel issued, and then withdrew, a notice of deposition for that witness); Alfano v. Nat'l Geographic Channel, No. CV 06–3511(NG)(JO), 2007 WL 2982757 at *1 (E.D.N.Y. Oct. 7, 2007) (mere mention of witness at deposition not enough to alert defendants that plaintiff might call the person as a trial witness). See also Glowczenski v. Taser International, Inc., 928 F.Supp.2d 564, 571(E.D.N.Y. 2013) (holding that fact witness affidavit would be excluded because affiant's "status as a potential fact witness should have been noticed pursuant to the requirements of Rule 26(a)(i)," and finding that the inclusion of a memo from the affiant "as one exhibit in a voluminous set of exhibits" previously filed in case did not satisfy Rule 26).

Finally, and most importantly, defendants' failure to disclose Mr. Looby and Attorney Massameno as fact witnesses has prejudiced the plaintiff because he could not depose these individuals at the time required for fact witnesses, which has deprived plaintiff of the ability to conduct any additional discovery necessary to address the presence of Mr. Looby and Attorney Massameno as fact witnesses in this case.[3]

## B. Defendants should be precluded from continuing Miguel Roman's deposition two years after it was suspended and long after factual discovery has closed.

It is plaintiff's position that defendants long ago relinquished their claim of concluding the plaintiff's deposition as demonstrated by their lack of any effort to do so in the face of discovery deadlines and scheduling conferences during which time the matter should have been discussed. Further, resuming plaintiff's deposition years later, and long after factual discovery has closed and numerous expert witnesses have been

---

[3] Additional discovery is particularly relevant in the case of Attorney Massameno. In his career as with the State of Connecticut as a prosecutor, Attorney Massameno had been the subject of numerous complaints about his conduct. See, e.g., Massemeno v. Grievance Committee, 234 Conn. 539 (1995). Given that plaintiff has been unable to confirm the nature and reason for Attorney Massameno's retirement from state service, and whether these reasons may impact his ability to recall and testify, had the defendants made a timely disclosure of Attorney Massameno as a fact witness, plaintiff would have been able to investigate these issues prior to scheduling a fact deposition of Attorney Massameno.

deposed, is substantially prejudicial to plaintiff because it will have deprived plaintiff of the ability to conduct any additional discovery necessitated by that resumed deposition, as well as denied plaintiff the opportunity to question relevant witnesses on any issues raised.

In sum, defendants' stated intentions to re-depose the plaintiff violate the scheduling order, and interfere with the ability to complete expert discovery.[4]

### C. The parties have been unable to reach resolution of these issues by agreement.

As required by the relevant civil rules, and as encouraged by the Court, counsel for plaintiff has conferred with defense counsel in an attempt to resolve these discovery concerns. The parties have exchanged correspondence in order to attempt to resolve the matter, and plaintiff's counsel has also had at least three telephone conferences with Attorney Szerejko. The parties' correspondence is attached as Exhibit C hereto.

In addition to the positions stated in their correspondence, defendants also contend that their disclosures of Mr. Looby and Attorney Massameno are similar to the plaintiff's disclosures of his State scientific witnesses. The record, however, reveals the opposite. First, all of these scientific witnesses were disclosed as fact witnesses in the plaintiff's initial disclosure on August 1, 2011. Second, the plaintiff made appropriate disclosures as non-retained expert witnesses on and before July 6, 2014. The defendants then were given more than ample time, until February 2016,[5] to complete

---

[4] The defendants have confirmed that they intend to provide their experts, Dr. Sarfaty and Ken Katsaris, with additional fact deposition transcripts for review, and they have reserved the right to supplement their disclosures if necessary.

[5] Defendants sought, and were granted additional time for a variety of reasons related to production and organization of subpoenaed material (most of the material had already been produced in discovery through subpoenas and FOIA requests), as well as

expert depositions. In that intervening time, the defendants not only deposed all of these individuals in several stages, but also subpoenaed each individual to produce documents, with the witnesses directed to sort and produce the documents prior to the depositions even taking place.[6]  With Mr. Looby and Attorney Massameno, it is unclear

the difficulties relating to locating and producing Dr. Malka Shah.  As the Court is also aware, at various times, defendants only made efforts to schedule depositions at the very end of a discovery deadline, thereby creating more delay.

[6] Plaintiff seeks to make clear that none of the several-month discovery delay is attributable to the plaintiff.  Plaintiff respectfully submits that this is demonstrated by the discovery record.  At the Court's request, plaintiff provided the Court with a discovery status update on December 18, 2014.  After that update, the following occurred:

1. The depositions of plaintiff's scientific experts (Joy Reho, Kevin Parisi, John Schienman, Lawrence Presley Elaine Pagliaro and Ken Zercie) were completed in September 2015;
2. Issues related to Dr. Malka Shah's deposition were resolved in February 2016.
3. Without notifying plaintiff, the defendants noticed a fact deposition of the Connecticut State Police Record Keeper for July 2015, and issued a subpoena nearly identical to the one issued by the plaintiff in November 2013, which the parties were informed would yield nearly 4,000 pages of documents.  Because plaintiff's counsel was concerned that this production would provide largely duplicative documents in an already very document intensive case, plaintiff's counsel suggested the parties explore ways to narrow the subpoena to receive only documents that previously been produced.  However, defense counsel had apparently arranged for delivery of the subpoenaed material prior to the deposition date, and before any agreement to cull the document production could take place.  Thus, additional time was then necessary to review the materials newly produced by the State, some 7,000 pages – most of which were duplicative.  Subsequent to this delay, in December 2015, counsel for the defendants wrote to counsel for the state, indicating his belief that documents produced by the state in 2012 and 2013 (pursuant to plaintiff's subpoena) were not complete.  It was consequently discovered that seven cartons of material had not been produced.  The parties then worked together to reach an agreement whereby the documents would be scanned and produced.  Unbeknownst to the undersigned, however, Attorney Feola-Guerriri unilaterally modified the terms of production with the vendor, which caused additional delay in all parties receiving Bates stamped copies in the same format.  All parties finally received the same Bates stamped documents in June 2016.

as to what they have reviewed, if anything.

Further, defendants also point to the fact that Mr. Katsaris and Dr. Sarfaty have not yet been deposed. Although these experts have been disclosed, their reports are still not finalized. Given the scheduling order, plaintiff still awaits finalization of their disclosures in order to take their deposition.

On August 19, 2016, defendants' counsel confirmed that their positions had been completely stated in their correspondence. Plaintiff now requests the Court's intervention to grant relief ameliorating some of the prejudice associated with the defendants' actions, as detailed more specifically below.[7]

Although the circumstances would support preclusion of Mr. Looby and Attorney Massameno from testifying to any factual matters, as well as preclusion of defendants from resuming Mr. Roman's deposition, in an effort to resolve this matter amicably plaintiff is willing to waive objection to the limited reopening of fact discovery provided the following:

---

4. In August 2014, the Court provided defendants with ample additional time -- until December 5, 2014 -- to depose plaintiff's experts. Although there were certain delays regarding obtaining subpoenaed documents from the state, and although plaintiff had agreed to even additional extensions of the Court's deadline, defendants did not actually schedule the depositions of several of plaintiff's experts until several days after the disclosure deadline had passed. It should be noted that, in the spirit of cooperative discovery, plaintiff has not objected to most of defendants' attempts to secure additional time, requesting only that the order of discovery set by the Court be adhered to.

[7] Under all the circumstances, it is plaintiff's position that that sanctions would be appropriate in this matter. However, plaintiff is mindful of the Court's instruction that the parties cooperate whenever possible. According, plaintiff declines to pursue sanctions, and leaves that issue the Court. See Fed.R.Civ.P. 37(d)(3) (allowing the Court to impose an order requiring payment of reasonable expenses, including attorney's fees, for failure to comply with discovery rules and/or orders). Plaintiff is, however, requesting a schedule that will ameliorate some of the prejudice created by this situation.

(1) Mr. Looby and Attorney Massameno are properly identified in the defendants' Rule 26(f) report as fact witnesses;

(2) plaintiff be allowed written discovery related to Mr. Looby and Attorney Massameno that will be done on an expedited basis;

(3) the depositions of Mr. Looby, Attorney Massameno, and Mr. Roman be done on an expedited basis, that any materials subpoenaed to the depositions of Mr. Looby and Attorney Massameno be produced fifteen days in advance of those depositions, and that the transcripts of these depositions are expedited at defendants' cost;

(4) that defendants' experts be given ten days from the production of deposition transcripts to review the additional depositions and produce any supplemental expert reports. (It is reasonably anticipated that these fact witness depositions will be given to defendants' liability experts, and that Dr. Sarfaty will review Mr. Roman's continued deposition transcript);

(5) that defendants' experts be made available for deposition within an expedited time frame;

(6) that Mr. Looby and Attorney Massameno be available to be deposed as experts in the same way that defendants previously deposed Ms. Pagliaro and Mr. Zercie.

Alternatively, if the Court does deem it appropriate, plaintiff seeks an order precluding defendants from offering factual testimony from Mr. Looby and Attorney Massameno, and precluding the defendants from resuming the plaintiff's deposition.

THE PLAINTIFF,

MIGUEL ROMAN

By_ /s/ Rosemarie Paine_____
Rosemarie Paine (ct15694)
JACOBS & DOW, LLC
350 Orange Street
New Haven, CT 06503
Telephone No.: 203-772-3100
Facsimile No.: 203-772-1691
email: rpaine@jacobslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2016, a copy of the foregoing was filed electronically and served by United States Mail, first class postage prepaid on any party unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any party unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_/s/ Rosemarie Paine_____
Rosemarie Paine

# EXHIBIT A

| | | |
|---|---|---|
| MIGUEL ROMAN, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:11-CV-0491 (JBA) |
| V. | : | |
| | : | |
| THE CITY OF HARTFORD, | : | |
| STANLEY LUKAS, GERALD KUMNICK, | : | |
| JAMES C. ROVELLA, STEPHEN A. KUMNICK, | : | |
| JAMES PASQURELL, FREDERICK LEWIS, | : | |
| BERNARD SULLIVAN, | : | |
| Defendants | : | |
| | : | JUNE 24, 2016 |

## DEFENDANTS' JOINT DISCLOSURE OF EXPERT WITNESS

Pursuant to Rule 26(a)(2)(c), the Defendants jointly identify the following expert

witness who is anticipated to provide evidence at the trial of this case.

**1.     NAME AND ADDRESS OF EXPERT WITNESS:**

James Looby, Inspector (retired)
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT 06067

**2.     SUBJECT MATTER OF EXPERT'S TESTIMONY:**

During all relevant times, James Looby was employed by the State of

Connecticut's Office of the Chief State's Attorney as an inspector and assisted the Senior

Assistant State's Attorney responsible for the prosecution of Miguel Roman for the

murder of Carmen Lopez. Mr. Looby is anticipated to testify concerning the assistance

he provided to the prosecuting attorney in preparation for and during the trial of Miguel

Roman, including identifying and meeting with witnesses and insuring their attendance at

trial.

3.   **SUMMARY OF FACTS AND OPINIONS:**

Mr. Looby is expected to testify that based upon his experience, training and education, that there existed probable cause for the arrest of Miguel Roman for the murder of Carmen Lopez, and probable cause for his criminal prosecution as a result. As he worked with appropriate law enforcement personnel in the preparation for the trial of Miguel Roman, he is expected to testify that, at all relevant times, probable cause was established that Miguel Roman was responsible for the murder of Carmen Lopez.

THE DEFENDANTS:
CITY OF HARTFORD AND
BERNARD SULLIVAN, CHIEF OF POLICE


By:_____ /s/ Nathalie Feola-Guerrieri_____
    Nathalie Feola-Guerrieri
    Senior Assistant Corporation Counsel
    Fed Bar No. ct17217
    550 Main Street, Suite 210
    Hartford, CT 06103
    Tel: 860-757-9700
    Fax: 860-722-8114
    Email: feoln001@hartford.gov

THE DEFENDANTS:
GERALD KUMNICK; FREDERICK LEWIS
STEPHEN A. KUMNICK; STANLEY LUKAS;
JAMES PASQURELL; AND
JAMES C. ROVELLA


By:____ /s/ James J. Szerejko_____
    James J. Szerejko, Esquire
    Fed. Bar No. ct04326
    Halloran & Sage LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    Tel: (860) 522-6103
    Fax: (860) 548-0006
    Email: szerejko@halloransage.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Rule 26(a)(2) Disclosure of Expert Witness was served, via email and first class U.S. Mail, postage prepaid, on this 24th day of June, 2016, to all of the following counsel of record:

Attorney Rosemarie Paine
Jacobs & Dow
350 Orange Street
New Haven, CT 06511

Michael J. Proto, Esquire
Yamini Menon, Esq.
Office of Chief State Attorney Office
300 Corporate Place
Rocky Hill, CT 06067

Nathalie Feola-Guerrieri

4304975v.1

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MIGUEL ROMAN, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:11-CV-0491 (JBA) |
| V. | : | |
| | : | |
| THE CITY OF HARTFORD, | : | |
| STANLEY LUKAS, GERALD KUMNICK, | : | |
| JAMES C. ROVELLA, STEPHEN A. KUMNICK, | : | |
| JAMES PASQURELL, FREDERICK LEWIS, | : | |
| BERNARD SULLIVAN, | : | |
| Defendants | : | |
| | : | JUNE 24, 2016 |

### DEFENDANTS' JOINT DISCLOSURE OF EXPERT WITNESS

Pursuant to Rule 26(a)(2)(c), the Defendants jointly identify the following "expert witness," who will testify concerning previously held expert opinions and will provide other factual evidence at the trial of this case.

### 1. NAME AND ADDRESS OF EXPERT WITNESS:

> John M. Massameno, S.A.S.A. (Retired)
> Office of the Chief State's Attorney
> 300 Corporate Place
> Rocky Hill, CT 06067

### 2. SUBJECT MATTER OF EXPERT'S TESTIMONY:

During all relevant times, Assistant State's Attorney John M. Massameno was employed by the State of Connecticut, Division of Criminal Justice; he was the Senior Assistant State's Attorney responsible for the prosecution of Miguel Roman for the murder of Carmen Lopez. Attorney Massameno will be a fact witness, who acted as a prosecution expert in the case of State of Connecticut v. Miguel Roman (as opposed to an expert witness in the trial of this case). It is anticipated that he will testify concerning

various documents pertinent to the prosecution of Miguel Roman, including the arrest warrant application prepared by the Hartford Police Department, and concerning all aspects of the prosecution, including but not limited to, the evidence and testimony presented at trial, the existence of a probable cause hearing and the result thereof, the Frye hearing and other aspects of the jury trial which led to the conviction of Miguel Roman for Carmen Lopez's murder, which was ultimately affirmed on appeal. Attorney Massameno is anticipated to testify concerning his then existing opinions concerning the existence of probable cause for the prosecution of Miguel Roman for the murder of Carmen Lopez, including the basis of his correspondence dated May 31, 1990 to Hartford Police Chief Ronald Loranger. Attorney Massameno also will testify concerning his 4-page memorandum, dated November 20, 2008, to James Rovella, then Supervisory Inspector, Office of the Chief State's Attorney, and his memorandum dated December 11, 2008 to Kevin T. Kane, Chief State's Attorney, copies of said documents having already been produced during the course of this civil litigation.

### 3. <u>SUMMARY OF FACTS AND OPINIONS:</u>

Attorney Massameno is expected to testify that, based upon his professional legal knowledge, experience, training and education, at all relevant times during his tenure in office as a prosecutor, he believed that probable cause existed for the arrest of Miguel Roman for the murder of Carmen Lopez, and that (at a minimum) probable cause existed for the criminal prosecution of Miguel Roman for the murder of Carmen Lopez. Attorney Massameno is expected to testify that, at all relevant times during his tenure in office, it was his professional opinion (based upon the facts then known to him), the Hartford Police detectives involved in the investigation, and eventual arrest of Miguel

2

Roman for the murder of Carmen Lopez, conducted a professional and competent homicide investigation of Miguel Roman for the murder of Carmen Lopez, which led to the conviction of Miguel Roman. Attorney Massameno is expected to testify that, at all relevant times during his tenure in office, it was his opinion probable cause existed to believe that Miguel Roman was criminally liable for the murder of Carmen Lopez.

THE DEFENDANTS:
CITY OF HARTFORD AND
BERNARD SULLIVAN, CHIEF OF POLICE

By: _____ /s/ Nathalie Feola Guerrieri _____
Nathalie Feola-Guerrieri
Senior Assistant Corporation Counsel
Fed Bar No. ct17217
550 Main Street, Suite 210
Hartford, CT 06103
Tel: 860-757-9700
Fax: 860-722-8114
Email: feoln001@hartford.gov

THE DEFENDANTS:
GERALD KUMNICK; FREDERICK LEWIS
STEPHEN A. KUMNICK; STANLEY LUKAS;
JAMES PASQURELL; AND
JAMES C. ROVELLA

By: _____ /s/ James J. Szerejko _____
James J. Szerejko, Esquire
Fed. Bar No. ct04326
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel: (860) 522-6103
Fax: (860) 548-0006
Email: szerejko@halloransage.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Rule 26(a)(2) Disclosure of Expert Witness was served, via email and first class U.S. Mail, postage prepaid, on this 24th day of June, 2016, to all of the following counsel of record:

Attorney Rosemarie Paine
Jacobs & Dow
350 Orange Street
New Haven, CT 06511

Michael J. Proto, Esquire
Yamini Menon, Esq.
Office of Chief State Attorney Office
300 Corporate Place
Rocky Hill, CT 06067

Nathalie Feola-Guerrieri

4292546v.1

# EXHIBIT C

WILLIAM F. DOW, III[1]
JONATHAN KATZ[2]
ROSEMARIE PAINE[3, 4]
CHARLES R. DOUTHAT
JOSEPH J. PACKTOR

OF COUNSEL
RICHARD EMANUEL
TRISHA M. MORRIS

[1]Also admitted in Washington D.C.
[2]Managing Partner
[3]Board Certified Civil Trial Specialist
[4]Also admitted in New York

—————————————
HOWARD A. JACOBS
(1924–2015)

LAW OFFICES OF
# Jacobs & Dow, LLC

350 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

TELEPHONE (203) 772-3100
FAX (203) 772-1691
www.JacobsLaw.com

FILE NUMBER          JDT09-1190

June 30, 2016

*VIA EMAIL AND FIRST CLASS MAIL*

Attorney James Szerejko
Halloran & Sage
225 Asylum St # 18
Hartford, CT 06103-1532

Attorney Nathalie Feola-Guerrieri
Hartford Corporation Counsel
550 Main Street, #1
Hartford, CT 06106

RE:  **Miguel Roman v. City of Hartford, et al**

Dear Attorneys Szerejko and Feola-Guerrieri:

I received your disclosures of expert witnesses on June 24th, along with an accompanying letter. On June 23rd, I finally received the thumb drive, which appears to contain bate stamped copies of the subpoenaed records from the State's Attorney Office.

Your expert disclosures indicate that both Attorney Massameno and Mr. Looby are also fact witnesses. In your disclosure of Attorney Massameno, you specifically indicate that he will provide "factual" evidence. In your disclosure of Mr. Looby, you indicate that he is "anticipated to testify concerning the assistance he provided to the prosecuting attorney," which is factual evidence of what he did. Neither Attorney Massameno, nor Mr. Looby were disclosed as fact witnesses in your 26f disclosures, and fact discovery has ended long ago. You also seek to again depose Mr. Roman, at a time long after fact discovery has concluded. You deposed Mr. Roman on August 14, 2014, ended the deposition session, and never sought to re-notice or reschedule until now, almost two years later. You also never made mention to the Court, in our numerous conferences, that you intended to do additional fact discovery.

Prior to addressing this with the Court, please provide me with your justification for taking these actions, all of which are outside of the scheduling orders, and prejudicial to the plaintiff.

Very truly yours,

JACOBS & DOW, LLC

By _Rosemarie Paine_____
                Rosemarie Paine

RMP/dac


JAMES J. SZEREJKO   Direct 860 297-4658  szerejko@halloran-sage.com
Board Certified Civil Trial Advocate

July 7, 2016

VIA EMAIL AND U.S. MAIL

Rosemarie Paine, Esq.
Jacobs & Dow
350 Orange Street
New Haven, CT 06511

Re:   Miguel Roman v. City of Hartford, et al
       Our File No. 05645.0695

Dear Rosemarie:

In response to your correspondence of June 30, 2016, rest assured that both Attorney Massameno and Mr. Looby have been described as expert witnesses and disclosed as such. Their expertise applies to the events and subject matter when each were involved in the prosecution of Mr. Roman. Neither one of them should be a surprise to you. The defendants' Rule 26(f) disclosures do not have to identify by name the individuals intended as expert witnesses. The simple fact that the words "factual basis" or "factual evidence" are used in both disclosures does not alter their status as expert witnesses. Please note that you have used words such as "factual basis" for expert evidence to be offered at trial in at least one of your expert disclosures, as well as narratives that indicate some of your experts will offer evidence based upon their respective involvement herein at or about the time of the prosecution of Mr. Roman.

Mr. Roman's deposition was not concluded on August 15, 2014, as was made clear by my comments and those of Attorney Feola-Guerrieri on the record at that time. As you are aware, relevant reports and documents were only provided to us shortly before that deposition, and that, as well as other reasons, resulted in Mr. Roman's deposition being recessed. A review of that deposition transcript makes it quite clear that Attorney Feola-Guerrieri and I intended to resume and conclude the deposition at another date. You made no objection to that request, and we relied upon that so it never became the subject of discussions with Magistrate Judge Margolis, nor was there any need to do so. Further, be mindful that you deposed all of the named defendants on two separate dates for each. Mr. Roman's deposition (using an interpreter) did not even last for a full day.

One Goodwin Square, 225 Asylum Street, Hartford, Connecticut 06103   860 522-6103   Fax 860 548-0006   www.halloransage.com

Hartford / Danbury / Middletown / New Haven / New London / Westport / Washington, D.C.

Our expert disclosures and our intention to resume and conclude Mr. Roman's deposition should in no way be prejudicial to the plaintiff, as claimed, nor should same be considered outside the scheduling order that has been amended many times.

Of course, Attorney Feola-Guerrieri and I are willing to discuss these issues with you at your request.

Very truly yours,

James J. Szerejko

JJS/cmb
cc:     Nathalie Feola-Guerrieri, Esq. (via email)

WILLIAM F. DOW, III[1]
JONATHAN KATZ[2]
ROSEMARIE PAINE[3, 4]
CHARLES R. DOUTHAT
JOSEPH J. PACKTOR

**OF COUNSEL**
RICHARD EMANUEL
TRISHA M. MORRIS

[1]Also admitted in Washington D.C.
[2]Managing Partner
[3]Board Certified Civil Trial Specialist
[4]Also admitted in New York

------------------------
HOWARD A. JACOBS
(1924–2015)

LAW OFFICES OF
# Jacobs & Dow, LLC

350 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

TELEPHONE (203) 772-3100
FAX (203) 772-1691
www.JacobsLaw.com

FILE NUMBER

JDT09-1190R

July 18, 2016

The Honorable Joan Margolis
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

RE: <u>Roman v. City of Hartford, et al - Case No. 3:11-cv-00491</u>

Dear Judge Margolis:

The parties wish to update the Court on the status of this matter, and to explain the efforts that they will be making in the coming weeks to resolve issues arising in completing the discovery process.

On June 24, 2016, the defendants disclosed two additional experts: Mr. James Looby, retired from both the Hartford Police Department and the Hartford State's Attorney's office, and retired Hartford State's Attorney John Massameno. Neither expert has prepared a report.

In addition to expert testimony, defendants' disclosure of Attorney Massameno specifically indicates that he will provide "factual" evidence. Defendants' disclosure of Mr. Looby indicates that he is "anticipated to testify concerning the assistance he provided to the prosecuting attorney." Neither was specifically named as a fact witness in the defendants' Fed.R.Civ.P. 26(f) report.

Both of these individuals participated in the original prosecution of Miguel Roman, and both had involvement in the 2008 investigation. James Looby, a former member of the Hartford Police Department, was the primary investigator assigned to the prosecution of Miguel Roman at the Hartford State's Attorney's office. He assisted in the investigation and trial preparation, and sat at counsel table for the prosecution. He later was involved in the 2008 investigation.

Attorney Massameno was the trial prosecutor in the case of <u>State v. Miguel Roman</u>, and subsequently took part, in some measure, in the reinvestigation efforts of Mr. Roman's case.

An additional issue for resolution is defendants' June 24, 2016 letter request to resume the deposition of the plaintiff, which defendants suspended nearly two years ago on August 24, 2014, and never resumed. Defendants' position is that that they are entitled to revisit the plaintiff's deposition because they had announced that intention at the deposition in 2014.

The parties have exchanged letters, and are further exploring these issues, before approaching the Court with a solution or a request for adjudication. Given the vacation and work schedules of the attorneys, this has proved challenging in the recent weeks (Attorney Feola-Guerrieri has been on vacation until today ; and the undersigned is out of state beginning tomorrow with work unrelated to this case). It is anticipated that all of the attorneys will be back in the office and available to discuss this matter after Tuesday of next week (July 26-29).

It is the parties' intention to try to eliminate or narrow their differences prior to approaching the Court on these matters. Given the circumstances as outlined herein, the parties believed that it would be appropriate to notify the Court accordingly.

Respectfully,

JACOBS & DOW, LLC

By _____

Rosemarie Paine

RMP/dac
cc:    Attorney Nathalie Feola-Guerrieri
       Mr. James Szerejko, Esquire

LAW OFFICES OF

# Jacobs & Dow, LLC

350 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

TELEPHONE (203) 772-3100
FAX (203) 772-1691
www.JacobsLaw.com

WILLIAM F. DOW, III[1]
JONATHAN KATZ[2]
ROSEMARIE PAINE[3, 4]
CHARLES R. DOUTHAT
JOSEPH J. PACKTOR

OF COUNSEL
RICHARD EMANUEL
TRISHA M. MORRIS

[1]Also admitted in Washington D.C.
[2]Managing Partner
[3]Board Certified Civil Trial Specialist
[4]Also admitted in New York

HOWARD A. JACOBS
(1924–2015)

FILE NUMBER   JDT09-1190

July 29, 2016

*VIA EMAIL AND FIRST CLASS MAIL*

Attorney James Szerejko
Halloran & Sage
225 Asylum St # 18
Hartford, CT 06103-1532

Attorney Nathalie Feola-Guerrieri
Hartford Corporation Counsel
550 Main Street, #1
Hartford, CT 06106

RE:  **Miguel Roman v. City of Hartford, et al**

Dear Attorneys Szerejko and Feola-Guerrieri:

I am writing in a continuing effort to resolve the outstanding discovery issues. In particular, defendants' recently filed expert disclosures, and their stated intention to resume Mr. Roman's deposition, indicate a reopening of fact discovery, which has long been ended (the Court's April 25, 2014 order indicated fact discovery should be completed by May 30, 2014).

In light of my conversations with Jim, our recent correspondence, and the discovery record, the following is made clear. As to plaintiff's deposition, defendants deposed Mr. Roman on August 24, 2014. At that time, defendants ended the deposition, and announced their intention to resume it at a later date. However, between the nearly two-year period from August 24, 2014 until the June 2016 letter, there was no discussion, or indication, that defendants intended to resume plaintiff's deposition. The defendants did nothing to reschedule the deposition during the time for fact discovery mandated by the various scheduling orders. The very first request that defendants made to resume the deposition was by letter on June 24, 2016. In fact, during the numerous discovery

conferences with Judge Margolis, wherein the Court confirmed with the parties that fact discovery was complete, the defendants never broached the subject of resuming the plaintiff's deposition.

As to defendants' recently disclosed expert witnesses, James Looby and former State's Attorney John Massameno, the disclosures have made plain that both witnesses will be testifying to factual matters that occurred in this very case- - a matter much different from reviewing factual materials and then opining on them. Neither Mr. Looby nor Attorney Massameno has prepared a report. However, it is clear from both the developed record in this case and from defendant's own disclosures that both individuals participated in the prosecution and trial of Miguel Roman. Both had interactions with some or all of the defendants, other HPD personnel, and others who participated in the investigation and prosecution of Miguel Roman. Both are in a position to have familiarity with customs, habits and/or procedures of HPD, the Hartford State's Attorney's office, and other law enforcement and related agencies during the time period that Miguel Roman was investigated and prosecuted. Both of these witnesses subsequently took part, in some measure, in the 2008 investigation into the deaths of Carmen Lopez, Mayra Cruz and Rosa Valentin (which ultimately led to the exoneration of Miguel Roman).

Accordingly, while neither Mr. Looby nor Attorney Massameno was specifically named in the defendants' Fed.R.Civ.P. 26(f) report, both witnesses clearly intend to offer factual testimony in addition to reviewing case facts which, in part, may form the basis of their opinions.

By phone and letter, I have already communicated plaintiff's concerns that: (1) defendants' actions are contrary to the existing scheduling order (which provides a specific order in which discovery would be completed -- fact discovery, followed by plaintiff's expert discovery, followed finally by defendants' expert discovery); (2) defendants' failure to disclose Mr. Looby and Attorney Massameno as fact witnesses has prejudiced the plaintiff because he could not depose these individuals at the time required for fact witnesses; and (3) defendants' actions deprived plaintiff of the ability to conduct any additional discovery necessary to address the presence in the case of Mr. Looby and Attorney Massameno as fact witnesses.

Defendants have communicated the following positions: (1) that the disclosures of Mr. Looby and Attorney Massameno, as fact witnesses, are included in defendants' Rule 26(f) report which states, "the names and locations of all individuals likely to have discoverable information are too numerous to set

forth in itemized fashion, however, the Defendant refers the plaintiff to all of those individuals who are referred to by name in all of the documents and records..."; (2) that all experts testify to facts; and (3) that the plaintiff should not be surprised or prejudiced.

It is plaintiff's position that the defendants long ago relinquished their claim of concluding the plaintiff's deposition, as demonstrated by their lack of any effort to do so in the face of discovery deadlines and scheduling conferences during which time the matter should have been discussed. Further, defendants' non-disclosure of Mr. Looby and Attorney Massameno as fact witnesses should preclude any factual testimony from them in this case, and as such, would also affect their ability to testify as experts.

As you also are aware, plaintiff cited cases specifically addressed to the insufficiency of the language used in defendants' Rule 26(f) report in a letter to the Court dated December 4, 2013. At that time, plaintiff also addressed defendants' then minimal efforts to depose Mr. Roman.

In an effort to resolve this matter amicably, however, the plaintiff is willing to waive objection to the limited reopening of fact discovery provided the following:

(1) Mr. Looby and Attorney Massameno are properly identified in the defendants' Rule 26(f) report as fact witnesses;

(2) plaintiff be allowed written discovery related to Mr. Looby and Attorney Massameno that will be done on an expedited basis;

(3) the depositions of Mr. Looby, Attorney Massameno, and Mr. Roman be done on an expedited basis, that any materials subpoenaed to the depositions of Mr. Looby and Attorney Massameno be produced fifteen days in advance of those depositions, and that the transcripts of these depositions are expedited at the cost of the defendants;

(4) that defendants' experts be given ten days from the production of deposition transcripts to review the additional depositions and produce any supplemental expert reports. (I anticipate that these fact witness depositions will be given to defendants'

liability experts, and also that Dr. Sarfaty will be reviewing Mr. Roman's deposition);

(5) that your experts then be made available for deposition within an expedited time frame;

(6) that Mr. Looby and Attorney Massameno be available to be deposed as experts (in the same way that defendants deposed Ms. Pagliaro and Mr. Zercie).

If you believe there are other facts bearing on these issues, please advise me immediately. I believe this proposal is more than reasonable to the defendants. If you are unwilling to agree, please notify me so that I might file the appropriate motions with the Court.

Finally, under Fed.R.Civ.P. 26, the expert disclosures of Mr. Looby and Attorney Massameno are insufficient. Please revise them in compliance with the Rule.

Very truly yours,

JACOBS & DOW, LLC

By _____

Rosemarie Paine

RMP/dac

| | |
|---|---|
| **From:** | Rosemarie Paine |
| **Sent:** | Friday, August 12, 2016 9:06 AM |
| **To:** | 'Feola-Guerrieri, Nathalie'; 'szerejko@halloransage.com' |
| **Subject:** | RE: Roman v. City of Hartford, et al |

Good morning,

May I please have a response to my letter sent July 29, 2016? In addition, I reiterate my request for complete information on insurance (which Jim and I have discussed in our last several conversations). If no written response is forthcoming, please so advise.

Thank you,

Rosemarie Paine
Jacobs & Dow, LLC
350 Orange Street
New Haven  CT  06511-0606
(203) 772-3100 Office
(203) 466-8413 Direct Dial
(203) 772-1691 Fax
www.jacobslaw.com

**From:** Rosemarie Paine
**Sent:** Friday, July 29, 2016 5:53 PM
**To:** 'Feola-Guerrieri, Nathalie' <FEOLN001@hartford.gov>; szerejko@halloransage.com
**Subject:** RE: Roman v. City of Hartford, et al

Prior to scheduling any call, can you please respond to the issues raised in the letter? In that way, we can all then assess whether a conference will be necessary and productive.

Thank you and have a good weekend.

**From:** Feola-Guerrieri, Nathalie [mailto:FEOLN001@hartford.gov]
**Sent:** Friday, July 29, 2016 2:16 PM
**To:** Debbie Criscuolo <dcriscuolo@jacobslaw.com>; szerejko@halloransage.com
**Cc:** Rosemarie Paine <rpaine@jacobslaw.com>; Trisha Morris <tmorris@jacobslaw.com>; Britta H. Parsons <bparsons@jacobslaw.com>; Archacki, Marcie <Marcie.Archacki@hartford.gov>
**Subject:** RE: Roman v. City of Hartford, et al

Rosemarie,

As you are, Jim is away on vacation next week. Can you please provide me with dates the week of August 8th that Rosemarie would be available for a counsel conference call?

Thank you.

Nathalie

**From:** Debbie Criscuolo [mailto:dcriscuolo@jacobslaw.com]
**Sent:** Friday, July 29, 2016 11:34 AM
**To:** szerejko@halloransage.com; Feola-Guerrieri, Nathalie <FEOLN001@hartford.gov>
**Cc:** Rosemarie Paine <rpaine@jacobslaw.com>; Trisha Morris <tmorris@jacobslaw.com>; Britta H. Parsons <bparsons@jacobslaw.com>
**Subject:** Roman v. City of Hartford, et al

Attached please find a letter from Attorney Paine. A hard copy of the letter is going out in today's mail.

Thank you.

Debbie




# CITY OF HARTFORD

### OFFICE OF THE CORPORATION COUNSEL
550 Main Street
Hartford, Connecticut 06103

Telephone: (860) 757-9700
Fax: (860) 722-8114
www.hartford.gov

HOWARD G. RIFKIN
CORPORATION COUNSEL

ALEXANDRA D. LOMBARDI
DEPUTY CORPORATION COUNSEL

August 9, 2016

Attorney Rosemarie Paine
Jacobs & Dow, LLC
350 Orange Street
New Haven, CT 06511

Re: **Miguel Roman v. City of Hartford et al**

Dear Attorney Paine:

I am writing in response to your correspondence dated July 29, 2016.

Obviously, we disagree on the issue of Mr. Roman's continued deposition. The defendants have not waived their right to depose Mr. Roman to conclusion.

On June 24, 2016, and in compliance with the Court's scheduling order, the defendants timely disclosed two additional, non-retained expert witnesses: Mr. James Looby, retired State's Inspector, and retired State's Attorney John Massameno. As non-retained expert witnesses, there are no expert reports from either witness.

Despite your assertion, the defendants have appropriately disclosed these witnesses as experts, not merely fact witnesses, given the nature of their anticipated testimony and obvious expertise. As you are aware, your disclosure of the State lab experts as fact witnesses and subsequent disclosure of those same witnesses as expert witnesses, resulted in undue expense, cost and pointless delay to the defendants, incident with requiring their depositions to be taken first as fact witnesses and then again as experts.

The cases that you cited in your correspondence dated December 4, 2013, to Magistrate Judge Margolis, are totally distinguishable from the procedural posture, and unique facts and circumstances of this particular case, and are obviously not controlling on the Court's consideration of the issues you raise with defendants' Initial and Supplemental Rule 26 disclosures.

Pursuant to the Court's scheduling order, plaintiff's deadline to depose defendants' experts is **August 31, 2016.** Despite the fact that defense expert W. Ken Katsaris has been disclosed since January 8, 2015, and Dr. Stephen J. Sarfaty, since March 27, 2015, you have yet to depose them.

The defendants do not agree with your proposal. Instead, defendants propose that you seek a reasonable extension by which to depose all of defendants' experts, including Mr. Looby and Attorney Massameno, and if upon deposing these two additional experts you feel the need to conduct further fact discovery, you should then file a motion setting forth the grounds and basis upon which plaintiff relies. At this point, the issue is premature. If, as we suspect, there will be nothing "new" to discover from deposing Mr. Looby and Attorney Massameno of which you are not already aware, by virtue of the amount of document production and discovery to date, then the case can proceed in a timely manner as the parties' agreed.

Please advise.

Very truly yours,

Nathalie Feola-Guerrieri
Senior Assistant Corporation Counsel

cc: James Szerejko, Esq.

# EXHIBIT D

MIGUEL ROMAN,                 :
       **Plaintiff,**             : CASE NO. 3:11cv00491 (JBA)
                           :
**V.**                          :
                           :
CITY OF HARTFORD, et al.     :
       **Defendants.**        :

## <u>AFFIDAVIT RE: DISCOVERY DISPUTE</u>

The undersigned being duly sworn deposes and says:

1. My name is Rosemarie Paine. I am counsel for Miguel Roman, plaintiff in this case.

2. In June through August of 2016, I exchanged letters with counsel for the defendants in this case, as well as communicated by e-mail. Copies of these communications are attached as Exhibit C to plaintiff's memorandum. Additionally, I have had at least three telephone conferences with defense counsel Attorney James Szerejko specifically for the purpose of attempting to resolve the discovery dispute concerning the reopening of factual discovery and the continuation of plaintiff's deposition.

3. We were unable to resolve the controversy. Although plaintiff's counsel suggested in a July 29, 2016 letter to defense counsel procedures under which plaintiff would agree to reopen fact discovery that would help ameliorate prejudice to plaintiff, defense counsel rejected these proposals, asserting that Mr. Looby and Attorney Massameno are expert witnesses only, despite the information

provided in defendants' disclosures of these witnesses, and that a simple extension of the scheduling order would be sufficient. Defense counsel also stated that defendants are entitled to resume plaintiff's deposition at this date. Accordingly, the intervention of the Court is necessary.

4. I am filing this Affidavit pursuant to L.Civ.R. 37(a) for the purpose of establishing that the parties have made a good faith effort to resolve the discovery dispute but have been unable to do so.

Rosemarie Paine

Subscribed and sworn to before me this ⟨5th⟩ day of September, 2016.

Notary Public/ Commissioner of the Superior Court

DEBRA ANN CRISCUOLO
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 10/31/2020