IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------X
                                     :

MIGUEL ROMAN                   :         3:11 CV 491 (JBA)
                                     :
V.                                    :
                                     :
CITY OF HARTFORD, ET AL.     :         DATE: OCTOBER 3, 2016
                                     :
-------------------------------------------------------X

RULING ON PLAINTIFF'S MOTION FOR ORDER AND
TO MODIFY THE SCHEDULING ORDER

Familiarity is presumed with this case, and this Magistrate Judge's lengthy involvement in discovery (see Dkts. ##43, 48, 50, 52-55, 57-59, 62, 64-66, 70, 73-79, 81-99, 101, 103-09, 115-19, 122, 124, 127-31). On October 3, 2013, this case was administratively dismissed "in light of the unique, time-consuming and uncertain discovery challenges[.]" (Dkt. #71). Under the latest scheduling order, filed April 18, 2016, defendants were ordered to disclose all additional experts and expert reports by June 24, 2016, and expert depositions were to be completed by August 31, 2016. (Dkt. #130, at 1-2).[1]

On September 6, 2016, plaintiff filed the pending Motion for Order and to Modify the Scheduling Order (Dkt. #132),[2] and on September 27, 2016, defendants filed their objection. (Dkt. #133).[3] The next day, plaintiff filed his reply brief. (Dkt. #134).

---

[1]Fact discovery was to have been completed by May 30, 2014. (Dkt. #86, ¶ 2).

[2]Attached to plaintiff's Motion are the following exhibits: copy of Defendants' Joint Disclosure of Expert Witnesses, in which James Looby is disclosed, dated June 24, 2016 ["Looby Disclosure"](Exh. A); copy of Defendants' Joint Disclosure of Expert Witness, in which John M. Massameno is disclosed, also dated June 24, 2016 ["Massameno Disclosure"](Exh. B); copy of correspondence between counsel, dated June 30, July 7, July 18, July 29 and August 9, 2016, and copy of e-mails between counsel, dated July 29 and August 12, 2016 (Exh. C); and affidavit of counsel, sworn to September 6, 2016 (Exh. D).

[3]Attached to defendants' objection is another copy of the Looby Disclosure (Exh. A); another copy of the Massameno Disclosure (Exh. B); and excerpts from plaintiff's deposition, taken on August 15, 2014 (Exh. C).

For the reasons set forth below, plaintiff's Motion for Order and to Modify Scheduling Order (Dkt. #132) is <u>granted in part</u>.

## I. DISCUSSION

### A. DISCLOSURE OF LOOBY AND MASSAMENO

As referenced above, under the latest Scheduling Order, expert disclosures were to be made by June 24, 2016. (Dkt. #130, ¶ 1). On that day, June 24, 2016, defendants disclosed James Looby and John M. Massameno as expert witnesses. (Dkt. #132, Exhs. A-B; Dkt. #133, Exhs. A-B). James Looby is a retired Inspector, formerly employed by the State of Connecticut's Office of the Chief State's Attorney, who "assisted the Senior Assistant State's Attorney responsible for the prosecution of Miguel Roman for the murder of Carmen Lopez." (Dkt. #132, Exh. A, at 1; Dkt. #133, Exh. A, at 1). Looby is "expected to testify that based on his experience, training and education, that there existed probable cause for the arrest of Miguel Roman for the murder of Carmen Lopez, and probable cause for his criminal prosecution as a result." (Dkt. #132, Exh. A, at 2; Dkt. #133, Exh. A, at 2). John M. Massemeno is a retired Senior Assistant State's Attorney, formerly employed by the State of Connecticut, Division of Criminal Justice, who was "responsible for the prosecution of Miguel Roman for the murder of Carmen Lopez." (Dkt. #132, Exh. B, at 1; Dkt. #133, Exh. B, at 1). Massemeno is described as a "fact witness" who will testify that there was probable cause for the arrest of Miguel Roman for the murder of Carmen Lopez; it was his "professional opinion . . . [that] the Hartford Police detectives involved in the investigation, and eventual arrest of Miguel Roman for the murder of Carmen Lopez, conducted a professional and competent homicide investigation"; and that "it was his opinion [that] probable cause existed to believe that Miguel Roman was criminally liable for the murder of

Carmen Lopez." (Dkt. #132, Exh. B, at 2-3; Dkt. #133, Exh. B, at 2-3).[4]

As discussed above, fact discovery closed more than two years ago, and the expert discovery deadline also has come and gone. Plaintiff's counsel is correct that plaintiff will be prejudiced by this late disclosure of these witnesses, whose testimony may open the door to lines of inquiry for fact witnesses who plaintiff has already deposed. (Dkt. #132, at 5-7; Dkt. #134, at 2-3).[5]

Again, the deadlines notwithstanding, there are several expert depositions that have not yet been taken, including the depositions of defendants' experts, Ken Katsaris and Dr. Stephen Sarfaty. (See Dkt. #132, at 10). Thus, discovery is far from complete. As counsel are no doubt aware, this Magistrate Judge ordered supplemental disclosures from defendants' expert witnesses by June 24, 2015, "and unless counsel seek an extension, [ordered that] all expert depositions . . . be completed on or before August 31, 2016." (Dkt. #130, ¶ 1)(emphasis omitted). In light of the complex and unique discovery challenges in this case, the Court has been exceedingly patient and has repeatedly extended the discovery deadlines. That said, counsel must comply with the Court's orders, and at minimum, defendants must seek leave from the Court to extend the deadlines if such deadlines are not

---

[4]Defendants characterize the foregoing disclosure as "the methodology being used by the defendants by informing counsel, through the disclosure of these two expert witnesses, that some of their testimony will be based upon knowledge and information they perceived or obtained firsthand because of their direct involvement in underlying factual episodes." (Dkt. #133, at 2).

Plaintiff does "not address[] the sufficiency of the disclosures, the experts' qualifications, or the propriety of their testimony in the matter." (Dkt. #132, at 2, n. 2). Rather, he "will address those matters after fact depositions have concluded." (Id.).

[5]Although plaintiff contends that "circumstances would support the preclusion of . . . Looby and . . . Massameno from testifying to any factual matters," plaintiff, "in an effort to resolve this matter amicably[,]" is willing to waive objection to the limited reopening of fact discovery, provided his proposed order enter. (Dkt. #132, at 10-11; See Section II. infra. Defendants offer no response to this proposal in their objection. (See Dkt. #133).

met.  As detailed in Section II. infra, the following deadlines will enter.

### B. CONTINUATION OF PLAINTIFF'S DEPOSITION

On June 24, 2016, defendants informed plaintiff of their intention to resume plaintiff's deposition, which was taken on August 15, 2014. (Dkt. #132, at 1-2; see Dkt. #133, Exh. C). Herein lies the same problem addressed in Section I.A. supra.  As counsel are aware, fact discovery closed on May 30, 2014 (Dkt. #86, ¶ 2); yet, plaintiff's deposition commenced, with the agreement of all counsel, almost three months later.  It is clear from the deposition transcript that not only did plaintiff's deposition not encompass a full day of testimony (see Dkt. #133, Exh. C (one hour and eleven minute lunch break; plaintiff testified through the assistance of an interpreter; the deposition adjourned at 3:56 pm)), but also that counsel anticipated that the deposition would be continued at a date in the future.  (Id. at 133-34 ("[Counsel for the individual defendants]: "Without waiving my right to finish, . . . . So, I reserve my right, when we resume the testimony, I will have questions."; id. at 139 ("[Counsel for City of Hartford]: "I think that is it for me for now, but I'm going to reserve my right to ask further questions when we recommence the deposition.")).  It is now more than two years after the close of fact discovery, and two years after plaintiff's deposition commenced, and while it is clear that there was an understanding that plaintiff's deposition would be continued, defendants do not address the reason for this delay.  Again, as stated in Section I.A. supra, counsel must adhere to the Court's orders and deadlines.  Should counsel continue to flout this Court's orders and deadlines, this Court will not hesitate to impose sanctions.

### II. SCHEDULING ORDER

1. Fact discovery will be reopened for the very limited purposes, as follows: **on or**

**before October 14, 2016**, defendants shall identify Looby and Massameno as fact witnesses; plaintiff shall expound written discovery with respect to these two witnesses **by October 24, 2016**; defendants shall provide responses by **November 14, 2016**.

2. The depositions of Looby and Massameno, and the continued deposition of plaintiff shall be completed **on or before December 2, 2016**.

3. All expert depositions shall be completed **on or before January 31, 2017**.

4. No other depositions will be noticed, beyond those identified in ¶¶ 2-3 supra, absent prior court approval or by agreement of counsel.

5. After expert discovery has been completed, a prefiling conference will be held with U.S. District Judge Janet Bond Arterton to set deadlines for the filing of all dispositive motions.

6. The Magistrate Judge is available for such other conferences (which may be held telephonically) as may be necessary.

Dated at New Haven, Connecticut, this 3rd day of October, 2016.

       /s/ Joan G. Margolis, USMJ\_\_
      Joan Glazer Margolis
      United States Magistrate Judge