UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIGUEL ROMAN,                          :
    *Plaintiff,*                      :   CASE NO. 3:11cv00491 (JBA)
                                       :
V.                                      :
                                       :
CITY OF HARTFORD, et al.               :
    *Defendants.*                      :   JULY 5, 2017

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff files this motion to compel defendants to disclose excess insurance coverage information after six years of requesting this information through formal discovery, e-mail and letter requests, and through Court order. Other than the single attempt discussed below, defendants have been unwilling to provide plaintiff with any information identifying the efforts they have made to locate this important and sought-after information. Although plaintiff has long attempted to obtain this information from defendants cooperatively, under the current circumstances, plaintiff has been left with no option other than to file a motion to compel.

On March 30, 2011, the plaintiff filed this action. It was only in May of 2016, after numerous requests, that the plaintiff received any insurance information from the defendants. In a supplemental disclosure dated May 19, 2016, the defendants provided the plaintiff with a copy of a general liability policy (as well as an auto policy), along with a letter sent to the defendants' attorneys from the insurance carrier with reservation of certain rights. That letter referenced the following: the existence of an excess insurance policy for the policy period 07/01/87 – 07/01/88; that the insurance carrier was aware the City was searching for this policy; and that the City should notify this excess carrier. Since May of 2016, through conversations and emails with counsel, the plaintiff has

1

continued to request the additional policy information, inquired about the possibility of coverage under any "claims made" policies available to the City from 2011, and requested an explanation of the efforts that the defendants have made to locate any missing information.  On February 24, 2017, defendants' counsel informed plaintiff, for the first time, that the excess policy could not be located.  Further, on March 1, 2017 the plaintiff was informed that the defendants would not provide any information as to their efforts, and would "detail [their] efforts in response to any motion [filed] with court."  The City then advised plaintiff by March 20, 2017 e-mail that it intended to depose Lexington Insurance Company "in its continuing efforts to obtain information regarding the identity of the City's excess liability insurance carrier for the period of July 1, 1987 to July 1, 1988."  A deposition was convened on April 5, 2017, although no record keeper appeared from Lexington Insurance.  Counsel for the City informed plaintiff's counsel that she was in contact with a representative from Lexington Insurance, and an effort was being made to research the policy.  On May 23, 2017, defendants forwarded to plaintiff's counsel a letter from White and Williams, LLP stating that, "Lexington Insurance Company ("Lexington") has completed its search for documents, and has not located any insurance policy or underwriting file for the 1987-88 year.  Nor do the files we've located say what company insured the City that year." (Exhibit A).  Despite plaintiff's requests, defendants have since provided no information about their efforts, if any, to identify the actual insurance carrier for the excess policy(ies) in effect during the events at tissue in the case, or at the time suit was filed.  This motion follows.

Pursuant to Fed.R.Civ.P. 37(a)(3)(A)(1) and 37(b)(2)(A), plaintiff respectfully moves the Court for an order compelling defendants to produce a complete response concerning any and all insurance coverage available to the individual defendants and/or the defendant City of Hartford that is, or may be, applicable to plaintiff's claims in this

matter.  As set forth more fully <u>infra</u>, this request includes, but is not limited to, an explanation detailing the efforts that defendants have made, and when, to locate relevant insurance policies, copies of the declaration sheets and the entire policies applicable, excess or otherwise, as well as the designation of the City of Hartford official available for deposition with knowledge of the City's insurance coverages for the relevant period.  Despite their obligation to disclose this insurance information under Fed.R.Civ.P. 26(a)(1)(A)(iv) as part of their initial discovery disclosures, and despite plaintiff's specific discovery requests for that information, defendants have not produced the relevant information.

More pointedly, this Court expressly ordered defendants to produce insurance information in its March 5, 2014 discovery order (Doc. 78) – over three years ago.  Not only have defendants failed to comply with the Court's order, defendants have rebuffed plaintiff's continued attempts to obtain this insurance information, and refused to provide sufficient information that would allow the plaintiff to avoid court intervention.

## I.   **BACKGROUND**

In their initial disclosure obligations to produce any and all relevant insurance agreements under Rule 26(a)(1)(A)(iv), defendants responded that "Any insurance agreement applicable to this case is available for inspection and copying," at the defendant City's corporation counsel office.  (Exhibit B). [1]  Subsequently, in his October 1, 2012 Interrogatories and Request for Production of Documents, plaintiff specifically requested that defendants produce any and all insurance information that might be relevant to plaintiff's claims.  In their initial response to plaintiff's requests, defendants stated that "Any such documents to the extent still in existence can be made available

---

[1] Plaintiff has redacted irrelevant information from attached exhibits for clarity and the assistance of the Court.

for inspection upon reasonable advance notice at the Hartford Corporation Counsel Office, 550 Main Street, Hartford, Connecticut." (Exhibit C). By correspondence dated December 10, 2012, defendants reiterated that the relevant insurance policies were available for plaintiff's inspection. (Exhibit D). At this time, defendants did not provide any information as to the types of coverage available, or whether any of the coverages were "claims made" policies, which would have been triggered in 2011 when plaintiff Roman filed his lawsuit, only one year prior to plaintiff's first request for insurance information.

Subsequent attempts by plaintiff to obtain this insurance information from defendant proved unsuccessful. Finally, plaintiff sought the assistance of the Court at the parties' February 27, 2014 discovery conference. As a result of the conference, this Court ordered:

> 7. By further agreement of counsel, defense counsel will provide plaintiff's counsel with a complete response with respect to the issue of insurance coverage **on or before March 21, 2014.** (emphasis in original).

Defendants did not comply with the Court's order, even though plaintiff again attempted to raise and resolve the issue with defendants. Specifically, on April 20, 2016 plaintiff's counsel wrote to defense counsel requesting "complete copies of the policy or policies, and any other related documents the plaintiff is entitled to under Rule 26 disclosures." (Exhibit E).

It was not until May 19, 2016, in a supplemental response to plaintiff's initial discovery requests that defendants provided plaintiff with copies of two insurance policies (one general liability and one auto), and a detailed letter from Travelers Insurance Company, the holder of those policies. (Exhibit F). That letter specifically referenced an excess policy on which plaintiff had been provided no information

4

whatsoever, i.e. carrier name, limits etc.  Additionally, the letter refers to a "self-retained amount" for the City of Hartford, although defendants provided no information about whether or how that amount may have been expended.

By an e-mail also dated May 19, 2016, defendants indicated that it forwarded "available insurance policy information" by mail as supplemental compliance, and again reiterated that the City had previously indicated that all insurance information had been available for inspection by plaintiff on reasonable notice.  (Exhibit G).  The information forwarded by defendants at that time still did not include any excess insurance information.  Finally, on February 24, 2017, plaintiff's counsel wrote that "As for the insurance policy, I remain concerned that the City, six years after this lawsuit was filed, has still not provided any information about the excess policy:  no carrier information, no limit, no description.  Can you please provide me with an explanation as to why this has occurred?"  To which defense counsel replied that same day, "Given the time period at issue, the City cannot locate any record of the policy and thus cannot provide a carrier name."  (Exhibit H).  Defendants made this current representation – that no excess policy could be located -- despite several earlier representations to plaintiff's counsel that the applicable insurance information had been available for plaintiff's inspection for over five years.

Plaintiff then requested an explanation detailing the efforts made by defendants to locate this insurance information/documents.  Defendants declined to provide this information to plaintiff, instead representing that they would ". . . detail our efforts in response to any motion you file with the court."  (Exhibit I).[2]  The City advised plaintiff by March 20, 2017 e-mail that it intended to depose Lexington Insurance Company "in its continuing efforts to obtain information regarding the identity of the City's excess liability

---

[2] Defendants have maintained this position as of the date of this filing.  (Exhibit J).

insurance carrier for the period of July 1, 1987 to July 1, 1988." (Exhibit K).  A deposition was convened on April 5, 2017, although no record keeper appeared from Lexington Insurance.  Counsel for the City informed plaintiff's counsel that she was in contact with a representative from Lexington Insurance, and an effort was being made to research the policy.  On May 23, 2017, defendants provided plaintiff with a letter from White and Williams LLP stating that no excess policy covering the City of Hartford could be found.[3]  The plaintiff has made further inquiry via email about whether the defendants will provide information about their search efforts, and has received no response.

To date, six years after suit was initiated, and over three years after this Court's order, defendants still have not provided complete and full insurance information to plaintiff, and have not been forthcoming in providing any explanation as to the delay, or as to why they represented that all relevant policies were available for inspection.

I.    **ARGUMENT**

A. **Defendants have failed to meet their discovery obligations under Fed.R.Civ.P. 26(a)(1)(A)(iv).**

The initial disclosures mandated by Rule 26(a) include early disclosure of insurance information.  In particular, Rule 26(a)(1)(A)(iv) directs:

(1) Initial Disclosure.

    (A) In General.  Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a

---

[3] Although plaintiff's chronology of communications concerning defendants' insurance has not included an exhaustive compilation of every potentially relevant exchange between the parties, it represents a fair and complete account of this issue.

discovery request, provide to the other parties:

\* \* \*

(iv) for inspection and copying as under Rule 34, any insurance
agreement under which an insurance business may be liable to satisfy all
or part of a possible judgment in the action or to indemnify or reimburse
for payments made to satisfy the judgment.

The purpose of this early disclosure is to allow the parties to base their litigation strategy
on a full appraisal of the case.  As the court in <u>Certain Underwriters at Lloyd's v.
National Railroad Passenger Corp.</u>, No. 14-cv04717, 2016 WL 2858815 (D.Conn. May
16, 2016) stated, "[a]ccording to the advisory committee's note for former Rule 26(b)(2),
the predecessor to Rule 26(a)(1)(A)(iv), [footnote omitted] insurance agreements
'enable counsel for both sides to make the same realistic appraisal of the case, so that
settlement and litigation strategy are based on knowledge and not speculation.' Fed. R.
Civ. P. 26(b)(2) advisory committee's note to 1970 amendment. 'Disclosure is required
when the insurer 'may be liable' on part or all of the judgment[,]' and '[i]t is immaterial
whether the liability is to satisfy the judgment directly or merely to indemnify or
reimburse another after he pays the judgment.' <u>Id.</u>"

As detailed <u>supra</u>, although plaintiff continued to press defendants in their
obligation, defendants have not provided plaintiff with complete insurance information
regarding any and all policies that may be available to satisfy plaintiff's claims, in
particular, excess insurance coverage.  See, e.g. <u>Pape v. Law Offices of Frank N.
Peluso</u>, No. 3:13cv63(JGM), 2015 WL 5842474 (D.Conn. Oct. 7, 2015) (Margolis, J.)
(concluding that defendant violated Rule 26(a)(1)(A)(iv) where defendant indicated that
no insurance was available, but then finally disclosed a policy later in the case, and
further concluding that sanctions would be awarded for defendant's violation of the
Rule); <u>Breon v. Coca-Cola Bottling Co. of New England</u>, 232 F.R.D. 49 (D.Conn. 2005)
(Smith, J.) (ordering disclosure of insurance policy in light of Rule 26(a)'s requirements).

7

Accordingly, where defendants failed to initially disclose all insurance agreements responsive to Rule 26(a)(1)(A)(iv) so that plaintiff could fully and fairly appraise the case and structure his litigation strategy, plaintiff respectfully requests that the Court exercise its authority under Fed.R.Civ.P 37(a)(3)(A) to compel defendants to provide information about all insurance policies potentially applicable to plaintiff's claim, excess or otherwise, including but not limited to copies of the policies themselves, declaration sheets, and/or whether any applicable policies are "claims made" policies for triggering coverage.

Further, plaintiff requests that the Court direct defendants to provide information about the specific steps taken to locate and secure information about excess insurance coverage, including the policy documents themselves.  Additionally, plaintiff respectfully requests that this information also include the designation of the City of Hartford official available for deposition with knowledge of the City's insurance coverages for the relevant period, as well as the location and chain of custody for its insurance policy documents.  See, e.g. Boyer v. Riverhead Central School District, No. CV05-4955, 2006 WL 3833040 (E.D.N.Y. Dec. 29, 2006) (ordering defendants' counsel to submit sworn statements from responsible official of defendant school system stating that no relevant policies or contracts existed).

In Boyer, defendants repeatedly failed to produce a copy of their actual insurance policy as required by Rule 26(a)'s initial disclosures requirement, although they did produce documents that referred to the existence of such a policy, i.e. coverage summaries.  The District Court granted plaintiff's motion to compel production of the policy itself, holding that under the purpose of Rule 26(a)'s insurance disclosure requirement plaintiff was entitled to the full policy:

> Under Rule 26(a)(1)(D), Plaintiff is entitled to a copy of the Defendants' insurance *agreement* that may be liable to satisfy part or all of a judgment which may be

8

entered in the action or to indemnify or reimburse for payments made to satisfy the judgment (emphasis supplied). The summaries provided to Plaintiff's counsel fall short of the requirements under Fed.R.Civ.P. 26(a)(1)(D). Clearly, the summaries provided are based upon a more expansive document which provides the specific details of the contract of insurance between Defendants and their carrier. No attorney has the prerogative to impose limitations on mandatory disclosures without the advance request for and ultimate permission of the Court. No such request has been made by these Defendants. (emphasis in original).

Id. at *2.

The Boyer court also addressed the showing required from defendants to substantiate a claim that no insurance agreement could be produced:

Therefore, Defendants' counsel is hereby ordered to produce a copy of any and all applicable insurance policies no later than January 6, 2007. If no insurance policy setting forth the detailed terms of coverage exists, which the Court finds highly improbable without further information from Defendants, Defendants' counsel is directed to provide an affidavit from a duly authorized and knowledgeable officer of either the New York Schools Insurance Reciprocal and/or the Specialty National Insurance Company stating that there are no policies or insurance contracts for any of the types of coverage delineated in the previously filed coverage summaries. Such affidavit is to be filed on ECF no later than January 10, 2007.

Id. at *3.

Like Boyer, plaintiff requests that the Court order defendants to provide relevant information to plaintiff. Specifically, plaintiff requests that the Court direct defense counsel to designate a City of Hartford official available for deposition with knowledge of the City's insurance coverages for the relevant period, as well as the location and chain of custody for its insurance policy documents. With reference to this request, plaintiff respectfully asks that the Court order defendants to provide:

1.  An explanation detailing the efforts defendants have made, and when they made them, to locate any insurance policies in place at the time of the events at issue in the complaint, and in 2011 when this lawsuit was filed;

2.  Any insurance policies in place in 2011, when this lawsuit was filed;

9

3.     The names, addresses, telephone numbers and any other identifying information for the following individuals:

  a) All risk manager(s) from the years 1987 forward;

  b) All Comptroller(s) from the years 1987 forward;

  c) All Procurement specialists from the years 1987 forward;

  d) All Corporation Counsel from the years 1987 forward;

  e) All Insurance brokers who conducted any business with the City from the years 1987 forward; and,

  f) All members of the litigation committee, if one exists, from the years 1987 forward.

4. A list of all litigation involving death, serious injury or claims of over One Million Dollars from the years 1987 through 1989 and 2010 through 2013;

5. Any lawsuits filed against the City and/or notice of claims filed against the City or any municipal employees involving death, serious physical injury or claims of damages in excess of One Million Dollars from the years 1987 through 1989 and 2010 through 2013.

6. A list of any and all insurance companies who have been retained by the City or filed bids with the City since 1987.[4]

Moreover, plaintiff respectfully requests that the Court order defendants to bear the cost the of depositions necessary to obtain the insurance coverage information that defendants have failed to provide under both the rules, and the order of this Court. Owen v. No Parking Today, Inc., 280 F.R.D. 106, 111 (S.D.N.Y. 2011) (holding that the

---

[4] See, generally, "Mending the Insurance Safety Net," The Bureau of National Affairs, Inc. No. 86, §231:881 (1999); "Ways to Track Down an Old Insurance Policy," BusinessInsurance.com, March 15, 2009, both of which have been provided to defense counsel. (Exhibit L).

costs of deposition may be borne by party whose wrongful behavior necessitated the need for the extra deposition) (citing In re September 11th Liability Insurance Coverage Cases, 243 F.R.D. 114, 132 (S.D.N.Y. 2007) ("Rule 37 sanctions are intended to restore the parties to the position they would have occupied but for the breach of discovery obligations.").

### B. Defendants failed to comply with this Court's March 5, 2014 order directing them to provide "a complete response" regarding any applicable insurance coverage.

As stated supra, the Court's March 5, 2014 order directed defendants to provide plaintiff with "a complete response with respect to the issue of insurance coverage **on or before March 21, 2014**."  (emphasis in original).  Defendants have not provided plaintiff with the ordered response.

Fed.R.Civ.P. 37(b)(2)(A) addresses the consequences of a party's failure to comply with a Court discovery order, and authorizes the Court to issue further orders to remedy the non-compliance.  As Judge Arterton observed in This, LLC v. Jaccard Corp., No. 3:15-CV-1606(JBA), 2017 WL 547902 at *2 (D.Conn Feb. 9, 2017):

> "A district court has wide discretion to impose sanctions, including severe sanctions, ... and its ruling will be reversed only if it constitutes an abuse of discretion." Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006). Fed. R. Civ. P. 37(b)(2)(A) lists the potential sanctions which may be imposed on a party who fails to obey an order to provide or permit discovery. The list of permissible sanctions includes "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action...." as well as dismissing the action, prohibiting the sanctioned party from introducing evidence in support of designated claims, striking pleadings, and other possible punishments. Fed. R. Civ. P. 37(b)(2)(A)(i). Likewise, under Rule 16, a "court may issue any just orders, including those authorized by Rule 37(b)(2) (A)(ii)-(vii), if a party or its attorney ... (C) fails to obey a pretrial order." Fed. R. Civ. P. 16(f)(1).

Further, "[i]n exercising its discretion to impose Rule 37 sanctions, the court is guided by

11

the following factors: (1) the willfulness of the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party was warned that further noncompliance could result in sanctions.  Id. at 144." Kellogg v. J.C. Penney Corp., Inc., No. 3:11CV733 RNC, 2013 WL 308985 at *1 (D.Conn. Jan. 25, 2013) (Martinez, J.) (citing Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 149 (2d Cir.2010)).

As a result of defendants' failure to comply with the order of this Court, plaintiff respectfully requests that the Court exercise its authority under Fed.R.Civ.P 37(a)(3)(A) to make the orders respectfully requested by plaintiff supra.

Finally, plaintiff requests that the Court order defendants to pay plaintiff's costs and attorneys' fees in connection with preparing the instant motion to compel.  See Pape v. Law Offices of Frank N. Peluso, No. 3:13cv63(JGM), 2015 WL 5842474 (D.Conn. Oct. 7, 2015) (Margolis, J.) (recognizing that costs and attorneys' fees may be a proper sanction for violation of Rule 26(a)(1)(A)(iv) in the pretrial context); Boyer, supra, 2006 WL 3833040 at *3 (ordering that defendants' counsel must show cause why Rule 37(b) sanctions should not be imposed for failure to comply with court's order directing the production of insurance information).

Plaintiff also respectfully requests such other relief under Rule 37(a) and (b) as this Court finds appropriate.

12

THE PLAINTIFF,
MIGUEL ROMAN


By  */s/ Rosemarie Paine*
Rosemarie Paine (ct15694)
JACOBS & DOW, LLC
350 Orange Street
New Haven, CT 06503
Telephone No.: 203-772-3100
Facsimile No.: 203-772-1691
email: rpaine@jacobslaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2017, a copy of the foregoing was filed electronically and served by United States Mail, first class postage prepaid on any party unable to accept electronic filing.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any party unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


*/s/ Rosemarie Paine*
Rosemarie Paine


13