# EXHIBIT 6



|  | **Dennis S. Williams** |
|---|---|
|  | *Claim Professional* |
|  | (860) 277-2942 |
|  | (844) 521-1805 (fax) |
|  | One Tower Square – 7MS |
|  | Hartford, CT 06183 |

Certified Mail Return Receipt Requested

May 10, 2016

City of Hartford
Corporation Counsel Office
Attn: Nathalie Feola Guerrieri, Esq.
550 Main Street, Suite 210
Hartford, CT 06103

Re:     Insured:         **City of Hartford**
       Our Claim No.:    **ELV0706**
       Claimant:       **Miguel Roman**
       Date of Loss:     **06/10/1988**
       Policy Number:   **TRJ-GLSA-105T076-9-87**
       Policy Year:      **07/01/1987 – 07//01/1988**

Dear Nathalie:

On behalf of The Travelers Indemnity Company (hereinafter referred to as "Travelers"), I write to acknowledge receipt and the continued handling of the Complaint entitled: *Miguel Roman v. The City of Hartford, Stanley Lukas, Gerald Kumnick individually and officially as policy maker for the City of Hartford, James C. Rovella individually, Stephen A. Kumnick individually, James Pasqurell, individually John and Jane Doe individually as police officers/detectives for the City of Hartford and officially as policy makers for the City of Hartford, Frederick Lewis, individually and officially as policy maker for the City of Hartford, and Bernard Sullivan, individually and officially as policy maker for the City of Hartford*; filed on March 30, 2011 in the United States District Court for the District of Connecticut, Civil Action No.: 3:11-cv-00491. As discussed, the City of Hartford submitted this Complaint to Travelers for an evaluation of coverage under policy number TRJ-GLSA-105T076-9-87 with effective dates of 07/01/87 – 07/01/88.

We appreciate and value the City as a customer and are committed to working closely with you in this matter. While the policy issued to the City by Travelers provides some insurance protection, all or part of this claim may not be covered by the policy. We are writing to advise you of the coverage issues raised by the information presently available to us. The purpose of this letter, which is known as a "Reservation of Rights" letter, is to inform you of our respective obligations and rights under the policy. As outlined below, Travelers, will provide the City and its employees named in the above-referenced Complaint with a defense and Travelers will continue to handle this matter subject to the terms and conditions of the policy, and our reservation of rights which is explained below.

The City's Commercial General Liability Coverage (CGL) provides limits of liability of $2,000,000 each Occurrence and a General Aggregate Limit of $5,000,000. The policy is subject

<span style="color:red">COH0148</span>

to a loss limitation or "deductible" as outlined in the policy's Retrospective Premium Endorsement.

The Retrospective Premium Endorsement Form IL 09 21, as well as form 20101 and form 8000 outline the terms and conditions of the loss limitation. Specifically, Form 8000 provides the loss limitations applicable the General Liability Policy as follows:

> **4. LOSS LIMITATIONS APPLICABLE TO THE FOLLOWING LINES OF INSURANCE:**
>
> GENERAL LIABILITY – ALL LOSSES AND ALLOCATED LOSS ADJUSTMENT EXPENSES ARISING OUT OF A SINGLE OCCURRENCE SHALL BE LIMITED TO:
>
> | | |
> |---|---|
> | CLAIM | $500,000 |
> | ALLOCATED LOSS ADJUSTMENT EXPENSES | $500,000 |

Therefore, the City of Hartford policy contains two loss limitations. The first loss limitation is $500,000 for claim payments otherwise known as indemnity payments. The second loss limitation is $500,000 for Allocated Loss Adjustment Expenses (ALAE) otherwise known as expenses.

The Retrospective Premium Endorsement located on Form 20101 provides, in part, that payments and computations of premiums for insurance shall be based upon "incurred losses." The definition of "incurred losses" states, in part:

> (d) **"Incurred Losses"** means the sum of:
> (1) all losses, including medical actually paid
> (2) reserves for unpaid losses as estimated by the company
> (3) premiums on bond paid for by the company in accordance with the provisions of the policy
> (4) interest accruing after entry of a judgment against the insured
> (5) allocated loss adjustment expenses, and
> (6) expenses incurred in seeking recovery against a third party

Therefore, as discussed, the reserves estimated by Travelers for Claim and ALAE now and into the future implicate the Retrospective Premium Endorsement loss limitation. If and when a reserve is increased or paid, the City of Hartford will receive an invoice for payment under the terms and conditions of the policy and loss limitations highlighted above. It is our understanding that the City's invoices are issued at the end of each year on December 31st. It is further our understanding that the City of Hartford has paid its premiums for the current reserves established on the claim file.

As you are aware, a defense is being provided to the City of Hartford and Chief Bernard Sullivan who are being defended by the City of Hartford Corporation Counsel's Office. A defense is also being provided to Stanley Lukas, Gerald Kumnick, James C. Rovella Stephen A. Kumnick,

James Pasqurell, and Frederick Lewis who are being defended by James Szerejko, Esquire of Halloran and Sage, 225 Asylum Street, Hartford, CT 06103; 860-522-6103. As highlighted below, this defense is being provided under reservation of rights.

The Complaint alleges that on June 10, 1988 the Plaintiff, Miguel Roman, was arrested and charged with the murder of his ex-girlfriend, Carmen Lopez. The Complaint alleges that the City of Hartford Police Department, and the officers and detectives who worked on the case, failed to adequately investigate the murder. In general, the Complaint alleges that the City of Hartford and its employees sought to charge and convict Miguel Roman, to the exclusion of all other viable suspects, in violation of his civil rights. It is alleged that the City of Hartford, and its officers, were in possession of evidence of bloody shoe prints which did not match the Plaintiff's shoe size. However, this information was not documented in the warrant. The Plaintiff alleges that he was not provided an interpreter for the entirety of the interrogation and thus he provided what the officers alleged were inconsistent stories. It is also alleged that the City of Hartford and its officers were aware of or should have been aware of a second suspect, Pedro Miranda, who was a sex offender and suspect in another murder of a Latino woman. The Plaintiff alleges the defendants improperly focused the investigation on the Plaintiff. The Plaintiff alleges in paragraph 69 that the Defendants' improper acts and omissions constituted fraudulent, dishonest, and corrupt means of obtaining the conviction of Mr. Roman. The Plaintiff alleges in paragraphs 107, 111, &117 that the Defendants' actions were taken with the purpose of depriving Roman, who is a person of Latino descent, of the equal protection of the laws and were motivated by personal animus toward Mr. Roman based on his ethnicity.

The Complaint listed Fifteen (15) Counts against the Defendants:

FEDERAL CLAIMS
- Count I – Malicious Prosecution – Violation of 4th Amendment - 42 U.S.C. Section 1983;
- Count II – Deliberate Suppressions of Material Favorable Evidence and Deliberate Failure to Conduct an Adequate Investigation in violation of the 5th and 14th Amendments;
- Count III – Supervisory Liability Claim- 42 U.S.C. Section 1983, alleging unfair prosecution, trial, and incarceration in violation of 14th Amendment;
- Count IV – 42 U.S.C. 1981 – Deprivation of Equal rights in violation of the 13th and 14th Amendments;
- Count V – 42 U.S.C. 1985 – Civil Rights Conspiracy in violation of 4th, 5th, and 14th Amendments;

STATE LAW CLAIMS
- Count VI – Malicious Prosecution;
- Count VII – False Arrest & False Imprisonment;
- Count VIII – Intentional Infliction of Emotional Distress;
- Count IX – Negligent Infliction of Emotional Distress;

    Count X – Defamation;
    Count XI – False Light - Invasion of Privacy;
    Count XII – Violation of Article First, Sections 7 & 9 of the Connecticut
    Constitution alleging false arrest and malicious prosecution;
    Count XIII – Negligence;
    Count XIV – Indemnification Under Conn. Gen Stat. Section 7-465
    against the City of Hartford
    Count XV – Direct Action under Conn. Gen. Stat Sections 52 –557n
    Against City of Hartford

The Plaintiff seeks damages for compensatory damages, punitive damages, attorney fees, costs, expenses and any other further relief as this Court deems just and proper

The Commercial General Liability Coverage provides limits of $2 Million each occurrence limit and a General Aggregate Limit of $5 Million. There is a $500,000 Loss Limitation for Claim and a $500,000 Loss Limitation for ALAE. The terms and conditions of the CGL Coverage is located on Form 5 of the Insuring Agreement which states, as follows:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement.**

    **a.** We will pay those sums that the Insured becomes legally obligated to pay as damages because of "Bodily Injury" or "Property Damage" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A & B. This insurance applies only to "Bodily Injury" or "Property Damage" which occurs during the policy period. The "Bodily Injury" or "Propety Damage" must be caused by an "occurrence". The "occurrence" must take place in the "covered territory".

    We will have the right and duty to defend any "suit" seeking such damages; but:
        (1) The amount we will pay for damages is limited as described in **SECTION III- LIMITS OF INSURANCE;**
        (2) We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result; and
        (3) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

        **b.** Damages because of "Bodily Injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "Bodily Injury".

The following terms are defined under **SECTION V- DEFINITIONS** as follows:

    3. "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    9. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    13. "Suit" means a civil proceeding in which damage because of "Bodily Injury", "Property Damage", "Personal Injury", or "Advertising Injury" to which this insurance applies are alleged. "Suit" includes an arbitration proceeding alleging such damages to which you must submit or submit with our consent.

The Plaintiff alleges that the Defendants violated the Plaintiff's civil rights under 42 USC 1983 for violations of the 4th Amendment, 5th Amendment 13th Amendment, 14th Amendments the the US Constitution. These Civil Rights Claims in Counts I, II, III, IV, and V do not constitute "Bodily Injury" caused by an "occurrence" as those terms are defined in the policy. The Plaintiff alleges claims for malicious prosecution, false arrest, false imprisonment, intentional infliction of emotional distress, defamation, false light, and violations of the the CT Constitution. These claims under Counts I, II, III, VI, VII, XVIII, X, XI, and XII do not constitute "Bodily Injury" caused by an "occurrence" as those terms are defined in the policy. Accordingly, those claims are not within the Insuring Agreement of the Policy **Coverage A** and Travelers will not indemnify the City or its officers under Coverage A for any damages awarded in connection with those claims. The Plaintiff alleges Indemnification under CT Statute 7-465 and a Direct Action under 52-557n against the City of Hartford. To the extent that Count XIV and XV extend to any uncovered count, those claims would not fall within the Insurance Agreement of the Policy Coverage A and Travelers will not indemnify the City. Finally, even if the claims alleged were within the insuring agreement of the policy, the Expected or Intended Injury exclusion could preclude coverage for those claims. The exclusion provides:

    **2. Exclusions.**
    This insurance does not apply to:

    **a.** "Bodily injury" or "Property Damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily Injury" resulting from the use of reasonable force to protect persons or property.

To the extent that any "Bodily Injury" was expected or intended from the standpoint of the insured, this exclusion would apply to preclude all coverage for those claims.

The Insuring Agreement for Coverage B. Personal and Advertising Injury provides, in part, as follows:

> **COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "Personal Injury" or "Advertising Injury" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B. We will have the right and duty to defend any "suit" seeking those damages. But:
>
> > (1) The amount we will pay for damages is limited as described in **SECTION III- LIMITS OF INSURANCE;**
> >
> > (2) We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result; and
> >
> > (3) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> **b.** This insurance applies to "Personal Injury" only if caused by an offense:
> 1. Committed in the "coverage territory" during the policy period; and
> 2. Arising out of the conduct of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you.

The Policy defines "Personal Injury" in **SECTION V - DEFINITIONS**, as follows:

> 10. "Personal injury" means injury, other than "Bodily Injury", arising out of one or more of the following offenses:
> > a. False arrest, detention or imprisonment;
> > b. Malicious prosecution;
> > c. Wrongful entry into, or eviction from, a room, dwelling or premises that the person occupies;

      d. Oral or written publication of material that slanders or libels a
         person or organization or disparages a person's or organization's
         goods, products or services; or
      e. Oral or written publication of material that violates a person's
         right of privacy.

To the extent the Complaint alleges civil rights violations and constitutional claims in Counts I, II, III, IV, V, XII, the constitutional claims do not constitute a "Personal Injury" as that term is defined in the policy. Accordingly, those claims do not fall within **Coverage B** of the Insuring Agreement and Coverage B is disclaimed. The Plaintiff alleges Indemnification under CT Statute 7-465 and a Direct Action under 52-557n against the City of Hartford. To the extent that Count XIV and XV extend to any uncovered count, those claims would not fall within the Insurance Agreement of the Policy Coverage B and Travelers will not indemnify the City for those claims.

To the extent that Count I: Malicious Prosecution; Count VI: Malicious Prosecution, Count VII: False Arrest/False Imprisonment; Count X: Defamation; Count XI: False Light- Invasion of Privacy; and Count XII: False Arrest/Malicious Prosecution constitutes a "Personal Injury" as that term is defined in the policy, the following exclusions could apply to eliminate all or part of the coverage for those claims:

    **2. Exclusions**

    This Insurance does not apply to:

    **a.** "Personal Injury or "Advertising Injury":
        1. Arising out of oral or written publication of material, if done by
          or at the direction of the insured with knowledge of its falsity;

To the extent it is determined that the Defendants committed a "Personal Injury" and published material with knowledge of its falsity, this exclusion would apply to preclude coverage for those claims.

The policy addresses Who Is An Insured at Section II as follows;

    **SECTION II – WHO IS AN INSURED:**

    1. If you are designated in the Declarations as:
        c. An organization other than a partnership or joint venture, you
          are an insured. Your executive officers and directors are insureds,
          but only with respect to their duties as your officers or directors.

    2. Each of the following is also an insured:

      a. Your employees, other than your executive officers, but only for acts within the scope of their employment by you. \*\*\*

Section II is amended by Endorsement CG 20 25 11 85 – Additional Insured-Elective or Appointive Executive Officers of Public Corporations, which states, as follows:

> WHO IS AN INSURED (Section II) is amended to include as an insured any elective or appointive officer or a member of any board or commission or agency of yours while acting within the scope of their duties as such.

To the extent that it is determined that any officer's conduct (Stanley Lukas, Gerald Kumnick, James C. Rovella, Stephen A. Kumnick, James Pasqurell, Frederick Lewis and Bernard Sullivan) was outside the scope of your employment or outside the scope of duties as an elective or appointive officer of the City's, that individual would not qualify as an insured for those claims and coverage would be further disclaimed.

The Complaint seeks punitive damages and it is against public policy in Connecticut to insure punitive damages directly assessed against an insured. To the extent that directly assessed punitive damages are awarded against you, coverage for those punitive damages is disclaimed.

In conclusion, the CGL policy does not respond to any claims for alleged civil rights violations or constitutional violation and those claims are disclaimed. A defense is being provided subject to this reservation of rights and the terms and conditions of the insurance agreement.

Travelers will continue to defend this matter subject to this reservation of rights. We request that your defense counsel continue to keep us closely apprised of all procedural and substantive developments in this case.

There is the potential that the full damage value of this claim or any judgment awarded could exceed the policy limits of $2,000,000. It is our understanding that the City of Hartford continues its search for the excess carrier providing coverage to the City for the policy period 07/01/87 – 07/01/88. Travelers recommends the City place its excess carrier on notice of this claim and notify us of the contact information for the excess carrier.

Nothing in this letter should be construed as a waiver of Travelers' rights under any of the provisions of the Travelers policy or any other defense that the Company may have. Travelers expressly reserves all of its rights to limit or deny coverage for this claim on the basis of these or any additional grounds.

The analysis of coverage outlined herein is not meant to be exhaustive. The policy of insurance includes additional provisions that may have a bearing on the question of coverage. By limiting policy references to those cited herein, Travelers does not waive any other policy provisions. The insurance policy is incorporated herein by reference in its entirety, as if set forth in full.

We invite you to submit any documents or information that you feel may have a bearing on the coverage issues or our decision concerning this claim. If you now or in the future receive any Amended Complaint, please send it to us immediately for review of applicable coverage. We will carefully consider any information that you provide.

If you have any questions, please do not hesitate to contact me.

Respectfully Submitted,

Dennis S. Williams
The Travelers Indemnity Company

cc: Nathalie Feola Guerrieri, Esquire – City of Hartford
James Szerejko, Esquire

Stanley Lukas,            (FOR DISTRIBUTION BY CORPORATION COUNSEL)
Gerald Kumnick,           (FOR DISTRIBUTION BY CORPORATION COUNSEL)
James C. Rovella,         (FOR DISTRIBUTION BY CORPORATION COUNSEL)
Stephen A. Kumnick,       (FOR DISTRIBUTION BY CORPORATION COUNSEL)
James Pasqurell,          (FOR DISTRIBUTION BY CORPORATION COUNSEL)
Frederick Lewis and       (FOR DISTRIBUTION BY CORPORATION COUNSEL)
Bernard Sullivan          (FOR DISTRIBUTION BY CORPORATION COUNSEL)

COH0156