UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MIGUEL ROMAN, | : |
|     *Plaintiff,* | :   CASE NO. 3:11cv00491 (JBA) |
| | : |
| V. | : |
| | : |
| CITY OF HARTFORD, et al. | : |
|     *Defendants.* | :   JANUARY 16, 2018 |

## <u>REPLY TO DEFENDANT CITY OF HARTFORD'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL</u>

On July 5, 2017, plaintiff filed his Motion to Compel (Document No. 141). Defendant City of Hartford objected on August 7, 2017 (Document No. 145). Plaintiff submits that, based on the record and the relevant law, he is are entitled to relief on this issue, and respectfully relies on the facts and arguments advanced in his initial Memorandum. The objectives of plaintiff's Local.R.Civ.P. 7(d) reply memorandum are (1) to describe to the Court the efforts made by the parties' to locate the liability policy for the City of Hartford applicable to the time-frame covered by plaintiff's claims; and (2) to respond to certain contentions made by the City of Hartford in its objection to plaintiff's Motion to Compel.

As explained below, since August of 2017 defendants have made efforts to locate the relevant policy. However, defendants represent that are still several tasks that remain to be completed. Plaintiff respectfully submits that, in view of the record, this can best be accomplished through a scheduling order entered by the Court.[1]

---

[1] For Court's reference, plaintiff has attached, as Exhibit A, periodic correspondence

1

Subsequent to the filing of defendants' response, and with the permission of Magistrate Judge Margolis, the parties engaged in a cooperative effort to locate the liability policy for the City of Hartford applicable to the time-frame covered by plaintiff's claims.  The parties' efforts were intended to obviate the need for litigation.[2]

To that end, defendants City of Hartford's and Sullivan's counsel periodically sent plaintiff's counsel copies of correspondence that was sent to various potential insurers and agents of the City of Hartford, including some second requests when earlier correspondence had gone unanswered.  The parties further considered the possibility of issuing subpoenas and deposition notices to those carriers and/or agents who had not responded.  Defendants also indicated that they intended to review the records of the Hartford City Treasurer's Office to find documentation relating to the applicable insurance policy.  Additionally, defendants represented that they identified a risk management agent that was providing services to the City in the late 1980s and 1990s. Further, defendants confirmed that they would produce to plaintiff the City's policies in place in 2011 (the date when this case was commenced).  On January 10, 2018, the defendant City finally produced that 2011 policy information to plaintiff.

Further, by January 12, 2018 letter received at 2:56 p.m., (attached as Exhibit B) defendants' counsel provided updated information, including review of City of Hartford records for the City's Risk Manager, Finance Director and City Treasurer; contact with

---

with Magistrate Judge Margolis, which describes and documents the efforts made by the parties to resolve this issue.

[2] The parties have attempted to work cooperatively to resolve discovery disputes since a 2014 ruling by Magistrate Judge Margolis which urged the parties to minimize conflict and to solve discovery issues.

the City's former Risk Manager; review of invoices dating to the 1980s; and intended contact with the City's Corporation Counsel from the 1980s.  Defendants' counsel also suggested record keeper depositions of previously contacted carriers that did not respond.

Plaintiff emphasizes that he remains committed to finding the most quick and efficient way of locating the excess insurance coverage information applicable to this action.  However, given the length of time that this motion has been pending, and of the discovery process in this case, plaintiff submits that a timetable is necessary for defendants' continued efforts.  Accordingly, plaintiff respectfully seeks the Court's assistance through his motion to compel.

In that connection, plaintiff responds as follows to defendants' objection to his Motion to Compel.[3]  The City states that, on March 20, 2014, it provided plaintiff with the Travelers liability policy, and that plaintiff failed to provide that information in its motion.  (Objection at 4).  Regarding production of the Travelers liability policy, as the attached e-mails illustrate, the plaintiff was under the mistaken impression that this policy was first sent to plaintiff in 2016, a misapprehension which went unaddressed given correspondence between the parties.  See August 8, 2017 letter to Magistrate Judge Margolis with appended e-mail correspondence (Exhibit A).

_____

[3] The City overarchingly argues that plaintiff's motion to compel should be denied because no affidavit of counsel was attached attesting to the parties' efforts to resolve the issue, as required by Local.R.Civ.P. 37(a).  Plaintiff's motion to compel, however, was filed at the direction of the Court (Document No. 140).  Moreover, it was filed after numerous e-mails and letters between the parties and discussion with the Court at a discovery conference.  Under these circumstances, the purpose of the Local Rule 37 affidavit was fully fulfilled.

3

In any event, plaintiff's motion does not address the Travelers' policy, but rather seeks to locate the City's excess policy, an issue which benefits all parties:  the plaintiff, the City, and the individual defendants, who face personal liability.

The defendant City also argues that plaintiff did not make timely or sufficient requests for the Court's intervention in locating excess insurance information. (Objection at 11).  The defendant City had a duty under the plain language of Fed.R.Civ.P. 26(a)(1)(A)(iv) to affirmatively identify such insurance information to plaintiff without awaiting any discovery request, which the City undisputedly failed to do. Further, the City has made clear that it never had the excess policy available for inspection to begin with.

The City also argues that the efforts it has made to date to locate its excess policy should be sufficient because fact discovery is concluded, and requiring the City to continue its efforts would somehow violate the scheduling order. (Objection at 13-14). Although fact discovery has technically closed, Fed.R.Civ.P. 26(e) places an ongoing duty on the parties to supplement discovery.  Not only was the City required to produce excess insurance policy information in its initial disclosures under Rule 26(a)(1)(A)(iv), the plaintiff specifically requested such information in its interrogatories and requests for production to the City.  Accordingly, rather than reopening factual discovery, an order directing the City to locate and provide excess policy information would simply direct the City to comply with its pre-existing discovery obligations.

For these reasons, and those articulated in plaintiff's Motion to Compel, plaintiff respectfully requests that the Court enter an order granting his Motion to Compel and

directing that:

1. Within thirty days of this order, defendants shall coordinate subpoenas, and the scheduling of records depositions, to obtain adequate responses from all insurance companies or vendors who have not responded to letter requests;

2. Within the next thirty days, defense counsel will confirm that correspondence requesting the policy information has been sent out to <u>all agents and insurance companies</u> the City has done business with from the time period 1980 through 1995, and, if there are vendors and companies have not been contacted, that letters be sent immediately.

3. Counsel for the individual defendants, with the assistance of counsel for the City of Hartford, continue the efforts outlined in the January 12, 2018 correspondence by pursuing the contacts made with current and former City of Hartford officials who may have relevant knowledge.

THE PLAINTIFF,
MIGUEL ROMAN

By _/s/ Rosemarie Paine_
Rosemarie Paine (ct15694)
JACOBS & DOW, LLC
350 Orange Street
New Haven, CT 06503
Telephone No.: 203-772-3100
Facsimile No.: 203-772-1691
email: rpaine@jacobslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2018, a copy of the foregoing was filed electronically and served by United States Mail, first class postage prepaid on any party unable to accept electronic filing.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any party unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_/s/ Rosemarie Paine_____
Rosemarie Paine

# EXHIBIT A

LAW OFFICES OF

# Jacobs & Dow, LLC

350 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

TELEPHONE (203) 772-3100
FAX (203) 772-1691
www.JacobsLaw.com

WILLIAM F. DOW, III[1]
JONATHAN KATZ[2]
ROSEMARIE PAINE[3, 4]
JOSEPH J. PACKTOR
NICHOLAS M. PRESTO

OF COUNSEL
RICHARD EMANUEL
TRISHA M. MORRIS

[1]Also admitted in Washington D.C.
[2]Managing Partner
[3]Board Certified Civil Trial Specialist
[4]Also admitted in New York

————————————
HOWARD A. JACOBS
(1924–2015)

JDT09-1190R

August 8, 2017

*VIA REGULAR AND VIA FACSIMILLE (203) 773 2304*

The Honorable Joan Margolis
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

RE: <u>Roman v. City of Hartford, et al - Case No. 3:11-cv-00491</u>

Dear Judge Margolis:

Plaintiff writes concerning his Motion to Compel insurance information (Doc. 141) to which the defendant City of Hartford has filed its objection on August 7, 2017.  Plaintiff seeks to inform the Court that he withdraws his Motion to Compel as to individual defendants Stanley Lukas, Gerald Kumnick, James C. Rovella, Stephen A. Kumnick, James Pasqurell, and Frederick Lewis.  In response to plaintiff's motion, counsel for these defendants has stated, in writing, that he has made unsuccessful attempts to obtain directly from the City any relevant excess insurance policy that may provide coverage for the events underlying plaintiff's complaint.  Counsel has further informed plaintiff that these individual defendants have no access to the City of Hartford's insurance information or providers such that they could reasonably obtain this information without the City's assistance.  (Exhibit 1).  In view of these representations, plaintiff withdraws his Motion to Compel as to these individual defendants.

In addition, although plaintiff intends to file a brief in reply to the City's opposition as provided in Local Rule of Civil Procedure 7(d), the City's explanation to the Court regarding its efforts to locate the relevant excess policy – information plaintiff had previously requested – provides a basis for the parties to work collaboratively in locating the applicable excess policy which would benefit plaintiff, the City and the individual defendants.[1]

---

[1] The City raises three issues in its opposition.  First, that the City provided compliance in 2014 of the Travelers liability policy.  Second, that plaintiff did not make timely or sufficient requests for the Court's intervention in locating additional insurance information.  Third, that the City's efforts to locate an excess policy made to date should be sufficient because fact discovery is concluded, and requiring the City to continue its efforts would somehow violate the scheduling order.  Regarding production of the Travelers liability policy, as the attached e-mails illustrate, (Exhibit 2), the plaintiff was

Jacobs & Dow, LLC

Plaintiff remains committed to finding the most quick and efficient way of locating this policy.  Surely, none of the parties want to take any action that would jeopardize the location of the policy and the coverage contained therein.  For these reasons, the plaintiff intends to discuss with defense counsel a means to move forward without having to further litigate his motion.  Should the Court find it more productive to hold a telephonic conference on this issue, the plaintiff would readily participate.

Respectfully,

JACOBS & DOW, LLC

By  _Rosemarie Paine_

Rosemarie Paine

RMP/dac
cc:      Attorney Nathalie Feola-Guerrieri
         Mr. James Szerejko, Esquire

---

under the mistaken impression that this policy was first sent to plaintiff in 2016, a misapprehension which went unaddressed given correspondence between the parties.  Be that as it may, the focus of plaintiff's motion, and the issue facing the parties, is locating the excess policy, an issue which benefits all parties:  the plaintiff, the City, and the individual defendants, who face personal liability.  With respect to the City's remaining points, regarding plaintiff's claimed failure to request inspection and copying of the relevant excess policy(ies), defendants had a duty under the plain language of Fed.R.Civ.P. 26(a)(1)(A)(iv) to affirmatively provide such insurance information to plaintiff without awaiting any discovery request.  Further defendants have now made clear that they never had the policy for inspection to begin with.  Moreover, although fact discovery has technically closed, the parties' duty to supplement discovery is ongoing.



**EXHIBIT 1**

JAMES J. SZEREJKO   Direct 860 297-4658   szerejko@halloran-sage.com
Board Certified Civil Trial Advocate

July 20, 2017

**VIA E-MAIL AND FIRST CLASS MAIL**
Rosemarie Paine, Esq.
Jacobs & Dow
350 Orange Street
New Haven, CT 06511

Re:   **Miguel Roman v. City of Hartford, et al.**
Our File No. 05645.0695

Dear Attorney Paine:

I hereby request that you withdraw the Motion to Compel filed on or about July 5, 2017, directed to all the defendants as same relates specifically to the defendants, Stanley Lukas, Gerald Kumnick, James C. Rovella, Stephen A. Kumnick, James Pasqurell and Frederick Lewis, based upon the City of Hartford's claimed failure to identify the excess insurance carrier or produce the policy in effect during the relevant events at issue in this lawsuit.  These six individual defendants assumed that there was such insurance in place and referred plaintiff's counsel to the City of Hartford's Office of Corporation Counsel for purposes of inspection and copying of the relevant insurance documents.  (See these defendants' Preliminary Disclosures of January 26, 2011 and Exhibit B to your recent Motion.)  These defendants do not have access to the City of Hartford's records, nor its personnel concerning insurance policies in effect from July 1, 1987 to July 1, 1988, the relevant claims period.

When Senior Assistant Corporation Counsel Nathalie Feola-Guerrieri advised in writing on or about February 24, 2017 that the City could not locate any record of the excess policy, nor could it identify the carrier, on March 8, 2017 we encouraged the City of Hartford Corporation Counsel to undertake efforts to identify the carrier and prove the existence of the relevant policy, providing legal support for same.

When counsel for the Lexington Insurance Company indicated on or about May 18, 2017, after a search for documents had been completed, that there was no excess policy for the City of Hartford for the relevant time period, we again wrote to the Corporation Counsel on May 26, 2017, expressing our concerns and the possible impact of same upon our clients.  As recently as June 16, 2017 we provided written suggestions to the Office of Corporation Counsel describing measures to be taken to identify the excess carrier and locate its policy for this time period.

One Goodwin Square, 225 Asylum Street, Hartford, Connecticut 06103   860 522-6103   Fax 860 548-0006   www.halloransage.com
Hartford / Danbury / Middletown / New Haven / New London / Westport / Washington, D.C.

Rosemarie Paine, Esq.
July 20, 2017
Page 2

The existence of an excess insurance policy covering the relevant events of this lawsuit is a matter of great concern to our clients, given the nature of the claims made herein. All six were employees of the City of Hartford and were insureds under any applicable insurance policy. Yet these individual defendants do not have custody or control over the policy, nor access to the individuals or repositories where same may be located. They rely exclusively upon the due diligence of the City to identify the carrier and locate the policy. Given these circumstances, it would be most unfair to seek to compel these defendants or their counsel to produce a policy or substantiate efforts to locate same when they have no control over the process, personnel or policy itself.

Accordingly, we respectfully request that you withdraw your Motion to Compel with requests for costs and/or sanctions as same is directed to Stanley Lukas, Gerald Kumnick, James C. Rovella, Stephen A. Kumnick, James Pasqurell, Frederick Lewis and their counsel.

Very truly yours,

James J. Szerejko

JJS/dakf

cc: Nathalie Feola Guerrieri (via email)

4948105.1

**EXHIBIT 2**

**Rosemarie Paine**

| | |
|---|---|
| **From:** | Feola-Guerrieri, Nathalie <FEOLN001@hartford.gov> |
| **Sent:** | Monday, August 07, 2017 1:36 PM |
| **To:** | Rosemarie Paine |
| **Cc:** | Szerejko, James J. (SZEREJKO@halloransage.com) |
| **Subject:** | RE: Roman, Miguel vs. City of Harford et al |
| **Attachments:** | Exhibit 4-Ltr Mag Margolis 3-20-14 Excerpt.pdf |

Rosemarie,

As per the certification of service, the City/Chief's March 20, 2014 3rd supplemental initial disclosure was mailed to counsel that day.   Are you claiming you also did not receive the attached letter to Magistrate Judge Margolis wherein the City and Chief Sullivan's compliances were referenced?

The plaintiff has decided to litigate by filing the instant Motion to Compel/Sanctions which contains representations that must be addressed.  The City and Chief Sullivan intends to file its objection shortly.

If you wish to discuss a resolution after the response is filed, I would be willing to arrange a discussion at a convenient time.  Thank you.

Nathalie



**Nathalie Feola-Guerrieri**
Senior Assistant Corporation Counsel, City of Hartford
550 Main St. Rm 210, Hartford, CT 06103
Phone: 860.757.9700 | Fax: 860.722.8114
feoln001@hartford.gov

THIS MESSAGE AND ANY OF ITS ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE DESIGNATED RECIPIENT, OR THE RECIPIENT'S DESIGNEE, AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL AND/OR PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DELETE ALL COPIES OF THIS MESSAGE INCLUDING ANY ATTACHMENTS AND NOTIFY THE OFFICE OF THE CORPORATION COUNSEL THAT YOU RECEIVED THIS COMMUNICATION IN ERROR BY CALLING 860.757.9700.  THANK YOU.

**From:** Rosemarie Paine [mailto:rpaine@jacobslaw.com]
**Sent:** Monday, August 07, 2017 1:10 PM
**To:** Feola-Guerrieri, Nathalie <FEOLN001@hartford.gov>
**Cc:** Szerejko, James J. (SZEREJKO@halloransage.com) <SZEREJKO@halloransage.com>
**Subject:** Roman, Miguel vs. City of Harford et al

    This is the first time I recall seeing this document.  Can you please tell me how it was sent originally?  Your email of July 21, 2017, wherein you reference compliance on March 20, 2014, is the first occasion I recall receiving a response with a specific reference.  Please recall one of our more recent exchanges, which typifies a request I periodically made, and the response I typically received:
"Please do not delay any further, and provide me complete copies of the policy or polices, and any other related documents the plaintiff is entitled to under Rule 26 disclosures.  I had previously requested copies, and to date, have not received them.  If you believe that you sent them already, please resend whatever you originally sent."  **my email of April 20, 2016 to you.**
"Available insurance policy information was sent out in yesterday's mail as the City and Sullivan's Supplemental Compliance to discovery requests you made years ago, where the City indicated the information was available for

inspection at Corporation Counsel Offices upon reasonable advance notice.   Correct me if I am wrong, but I don't believe that you ever requested an inspection." **your response to me of May 19, 2016.**

      I am uncertain as to why it took this long to point out an earlier partial compliance, and also why Jim was not able to locate a copy to send me.  Regardless, the current issue is what efforts the City has made to locate the excess policy, and what remains to be done to locate it.  Given that you have refused to provide any information, the plaintiff was left with no choice but to file a motion with the Court.  I would rather not burden the Court with this matter, but there is little choice for the plaintiff at this juncture.  Should we all agree to cooperate at this point, the Court should be notified immediately.  The plaintiff is still willing to work together, and it seems to make the most sense for everyone to do so.

Let me know.

Thanks,

Rosemarie

**From:** Rosemarie Paine
**Sent:** Friday, August 04, 2017 5:31 PM
**To:** 'Feola-Guerrieri, Nathalie' <FEOLN001@hartford.gov>
**Cc:** Szerejko, James J. (SZEREJKO@halloransage.com) <SZEREJKO@halloransage.com>
**Subject:** RE: Roman, Miguel vs. City of Harford et al

Thank you for the copy.

Are you certain that you would rather litigate the pending motion, rather than work collaboratively to locate the excess policy?  I think it is in everyone interest to locate the carrier and the policy.

Please let me know your thoughts.

Thanks.

Rosemarie

**From:** Feola-Guerrieri, Nathalie [mailto:FEOLN001@hartford.gov]
**Sent:** Friday, August 04, 2017 5:19 PM
**To:** Rosemarie Paine <rpaine@jacobslaw.com>
**Cc:** Szerejko, James J. (SZEREJKO@halloransage.com) <SZEREJKO@halloransage.com>
**Subject:** Roman, Miguel vs. City of Harford et al

Rosemarie,

I am out of the office this week, however, Jim contacted me to inform me that you requested another copy of the City's Third Supplemental Compliance dated March 20, 2014, with enclosures, bates numbered pages COH1-81.

I have attached another copy to this email as requested.

Should you wish to discuss further, please do not hesitate to contact me.  Thank you.

Nathalie



**Nathalie Feola-Guerrieri**
Senior Assistant Corporation Counsel, City of Hartford
550 Main St. Rm 210, Hartford, CT 06103
Phone: 860.757.9700 | Fax: 860.722.8114
feoln001@hartford.gov

THIS MESSAGE AND ANY OF ITS ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE DESIGNATED RECIPIENT, OR THE RECIPIENT'S DESIGNEE, AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL AND/OR PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DELETE ALL COPIES OF THIS MESSAGE INCLUDING ANY ATTACHMENTS AND NOTIFY THE OFFICE OF THE CORPORATION COUNSEL THAT YOU RECEIVED THIS COMMUNICATION IN ERROR BY CALLING 860.757.9700.  THANK YOU.

LAW OFFICES OF

# Jacobs & Dow, LLC

**350 ORANGE STREET**
**NEW HAVEN, CONNECTICUT 06511**
TELEPHONE (203) 772-3100
FAX (203) 772-1691
www.JacobsLaw.com

WILLIAM F. DOW, III[1]
JONATHAN KATZ[2]
ROSEMARIE PAINE[3, 4]
JOSEPH J. PACKTOR
NICHOLAS M. PRESTO

**OF COUNSEL**
RICHARD EMANUEL
TRISHA M. MORRIS

[1]Also admitted in Washington D.C.
[2]Managing Partner
[3]Board Certified Civil Trial Specialist
[4]Also admitted in New York

————————————
HOWARD A. JACOBS
(1924–2015)

FILE NUMBER JDT09-1190R

August 18, 2017

*VIA REGULAR MAIL AND VIA FACSIMILLE (203) 773 2304*

The Honorable Joan Margolis
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

RE: <u>Roman v. City of Hartford, et al - Case No. 3:11-cv-00491</u>

Dear Judge Margolis:

Counsel for all parties had a telephone conference on Wednesday, August 9, 2017. A discussion was held as to what additional efforts could be made to locate the excess policy. At the end of the conference, it was mutually agreed (pending approval from the City's CFO) that Attorney Szerejko and another attorney from Halloran & Sage (a former Hartford Assistant Corporation Counsel) would meet with the CFO of Hartford to implement additional efforts to locate the excess policy. On Wednesday, August 16, 2017, the CFO agreed to this plan.

The parties agree, and request the Court consent, to stay litigation of the motion, in order to implement these efforts and report back to the Court. The parties will report their progress to the Court on or before August 31, 2017. If it becomes necessary to resume litigation of the motion at that time, the plaintiff will file a reply to the City's Objection on or before September 7, 2017.

Respectfully,

JACOBS & DOW, LLC

By _____
Rosemarie Paine

RMP/dac
cc:   Attorney Nathalie Feola-Guerrieri
      Mr. James Szerejko, Esquire

WILLIAM F. DOW, III[1]
JONATHAN KATZ[2]
ROSEMARIE PAINE[3, 4]
JOSEPH J. PACKTOR
NICHOLAS M. PRESTO

OF COUNSEL
RICHARD EMANUEL
TRISHA M. MORRIS

[1]Also admitted in Washington D.C.
[2]Managing Partner
[3]Board Certified Civil Trial Specialist
[4]Also admitted in New York

—————————————
HOWARD A. JACOBS
(1924–2015)

LAW OFFICES OF

# Jacobs & Dow, LLC

350 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

TELEPHONE (203) 772-3100
FAX (203) 772-1691
www.JacobsLaw.com

JDT09-1190R

September 1, 2017

*VIA REGULAR MAIL AND VIA FACSIMILLE (203) 773 2304*

The Honorable Joan Margolis
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

RE: <u>Roman v. City of Hartford, et al - Case No. 3:11-cv-00491</u>

Dear Judge Margolis:

    As indicated in our prior report to the Court, Attorney Szerejko is working with the City's CFO, Mr. Hill, to identify the carrier for the excess policy and to locate that policy. Attorney Szerejko has met with Mr. Hill. A search is being made for documents relating to insurance vendors, insurance invoices and budget requests for same. Efforts are also underway to look in closed litigation files which may contain information about the excess carrier during the relevant time period. Attorney Szerejko is currently on vacation, returning next week. He will be following up with Mr. Hill after his return. He believes that such efforts can be completed within a week of his return.

    Attorney Szerejko and the undersigned agree that progress is being made, and that efforts should continue. He believes the parties can report back the week of September 12th. In the event the motion to compel needs to be litigated further, plaintiff can provide a response a week thereafter (as plaintiff can better direct claims for relief after learning what additional progress has been made). Plaintiff has been unable to ascertain whether the City agrees with this plan.

    Respectfully,

JACOBS & DOW, LLC

By _____
        Rosemarie Paine

RMP/dac
cc:   Attorney Nathalie Feola-Guerrieri
      Mr. James Szerejko, Esquire

```
*************** -COMM. JOURNAL- ******************* DATE SEP-01-2017 ***** TIME 14:31 ********

     MODE = MEMORY TRANSMISSION              START=SEP-01 14:30    END=SEP-01 14:31

       FILE NO.=459

  STN    COMM.    ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES     DURATION
  NO.              ABBR NO.

  001     OK       ☒           12037732304                                001/001   00:00:45


                                                        -JACOBS AND DOW          -

***** UF-8000 v2 ******************* -           - ***** -           - *********
```

WILLIAM F. DOW, III[1]
JONATHAN KATZ[2]
ROSEMARIE PAINE[3, 4]
JOSEPH J. PACKTOR
NICHOLAS M. PRESTO

OF COUNSEL
RICHARD EMANUEL
TRISHA M. MORRIS

[1]Also admitted in Washington D.C.
[2]Managing Partner
[3]Board Certified Civil Trial Specialist
[4]Also admitted in New York

LAW OFFICES OF
**Jacobs & Dow, LLC**
350 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511
TELEPHONE (203) 772-3100
FAX (203) 772-1691
www.JacobsLaw.com

HOWARD A. JACOBS
(1924–2015)

FACSIMILE TRANSMISSION COVER SHEET

Date: 9-1-17

To: Honorable Joan Margolis

Facsimile No.: 203-773-2304

From: Rosemarie Paine

Re: Roman v. City of Hartford

Number of Pages: 2
(including cover page)

NOTES: _____

CONFIDENTIALITY NOTICE

The document accompanying this facsimile transmission may contain information that is confidential and/or legally privileged from disclosure. The information is intended only for the use of the individual or entity named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile in error, please notify us by telephone immediately, so that we can arrange for the return of the original facsimile documents to us at no cost to you.

WILLIAM F. DOW, III†
JONATHAN KATZ²
ROSEMARIE PAINE³˒⁴
JOSEPH J. PACKTOR
NICHOLAS M. PRESTO

OF COUNSEL
RICHARD EMANUEL
TRISHA M. MORRIS

¹Also admitted in Washington D.C.
²Managing Partner
³Board Certified Civil Trial Specialist
⁴Also admitted in New York

HOWARD A. JACOBS
(1924–2015)

LAW OFFICES OF

# Jacobs & Dow, LLC

350 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

TELEPHONE (203) 772-3100
FAX (203) 772-1691
www.JacobsLaw.com

JDT09-1190R

September 21, 2017

*VIA REGULAR MAIL AND VIA FACSIMILLE (203) 773 2304*

The Honorable Joan Margolis
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

RE: Roman v. City of Hartford, et al - Case No. 3:11-cv-00491

Dear Judge Margolis:

I am writing to update you on additional efforts made by defendants' counsel to locate the excess "umbrella" insurance policy for the years 1987 through 1988. Attorney Szerejko has just reported to me the following.

- o  Efforts to locate and review a specific budget report (which would list the name of the excess carrier) are still ongoing. This report has not yet been found through preliminary searches, which occurred in last two weeks. Attorney Szerejko continues to work with City finance employees for this purpose. Another member of Attorney Szerejko's firm is also meeting with other former City officials, and will further discuss ways to facilitate this search.
- o  The insurance agency that provided service to the City during the applicable time period had been identified and contacted (to request records which would identify the excess carrier for the applicable years). It now appears that this company had been subsumed into a larger company, and the parent company has now been contacted with the same request.
- o  The parties still await responses to the various letters sent to insurance companies in the past several weeks (letters were sent to companies that had provided the City with excess insurance coverage before and after 1987-1988).

Given these efforts, Attorney Szerejko and the undersigned request an additional two weeks to let this process continue. It is not believed that resuming litigation (of the Motion To Compel) immediately will accelerate the process. Progress is being made, albeit not as quickly as the parties had hoped. The undersigned will contact Attorney Feola-Guerreri, to confirm her consent. It is believed that she is amenable to this request.

Jacobs & Dow, LLC

Respectfully,

JACOBS & DOW, LLC

By _____
                Rosemarie Paine

RMP/dac

cc:      Attorney Nathalie Feola-Guerrieri
         Mr. James Szerejko, Esquire

WILLIAM F. DOW, III[1]
JONATHAN KATZ[2]
ROSEMARIE PAINE[3, 4]
NICHOLAS M. PRESTO

OF COUNSEL
RICHARD EMANUEL
TRISHA M. MORRIS

[1]Also admitted in Washington D.C.
[2]Managing Partner
[3]Board Certified Civil Trial Specialist
[4]Also admitted in New York

LAW OFFICES OF
# Jacobs & Dow, LLC

350 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

TELEPHONE (203) 772-3100
FAX (203) 772-1691
www.JacobsLaw.com

HOWARD A. JACOBS
(1924–2015)

JDT09-1190R

December 21, 2017

*VIA REGULAR MAIL AND VIA FACSIMILLE (203) 773 2304*

The Honorable Joan Margolis
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

RE: <u>Roman v. City of Hartford, et al - Case No. 3:11-cv-00491</u>

Dear Judge Margolis:

I am writing to update you as to the status of the search for the missing excess (umbrella) insurance policy information.

As the Court is aware, the defendants have been working to locate the outstanding policy information, and have been providing periodic updates to plaintiff's counsel, who in turn has been updating the Court. (Specifically, the undersigned has been corresponding with Attorney Szerejko, who has in turn been working with Attorney Feola-Guerrieri. This has proven to have the most ease and efficiency for the parties.)

I attach Attorney Szerejko's letter, sent via email yesterday afternoon. Also enclosed are recent emails between myself and Attorney Szerejko indicating what has been discussed most recently to complete the search as soon as possible.

With the information received today, plaintiff's counsel intends to discuss with defense counsel, as soon, as possible an action plan including the following:

1. Confirmation that correspondence requesting the policy information has been sent out to all agents and insurance companies the City has done business with from the time period 1980 through 1995, and, if there are vendors and companies have not been contacted, that letters be sent immediately.

2. Review of all correspondence to determine the sufficiency responses, or lack thereof, for any and all of these companies and vendors.

Jacobs & Dow, LLC

    3. Coordination of subpoenas, and the scheduling of records depositions, to obtain adequate responses from all insurance companies or vendors. (Plaintiff is amenable to discussing a cost sharing mechanism to get this accomplished provided that information is shared as to defendants' efforts and the response to those efforts in order to determine to determine the appropriate subpoena requests).

    4. A timetable to produce the 2011 policies (which have previously been requested by plaintiff).

    5. A timetable for accomplishing the other tasks defendants have indicated they will be doing referenced in the attached December 20th letter.

    I hope the Court finds this update sufficient. Should the Court require additional information, such as when tasks have been accomplished, the plaintiff will make efforts to schedule a conference call with all parties for that purpose.  The plaintiff is committed to locating the policy information so the case can continue, and still believes that cooperation is the best way to achieve this.  Plaintiff's counsel believes she speaks on behalf of all parties in thanking the Court for its continued guidance and supervision on these matters.

    Respectfully,

    JACOBS & DOW, LLC

    By _____
        Rosemarie Paine

RMP/dac
Enclosures
cc:    Attorney Nathalie Feola-Guerrieri
       Mr. James Szerejko, Esquire



# HALLORAN
# &SAGE LLP
### ATTORNEYS AT LAW

JAMES J. SZEREJKO   Direct 860 297-4658   szerejko@halloran-sage.com
Board Certified Civil Trial Advocate

December 20, 2017

**VIA E-MAIL**
Rosemarie Paine, Esq.
Jacobs & Dow, LLC
350 Orange Street
New Haven, CT 06503

      Re:    **Miguel Roman v. City of Hartford, et al.**
              Our File No. 05645.0695

Dear Rosemarie:

Pursuant to our recent telephone conversation and your previous inquiries relating to the status of efforts to locate the City of Hartford's applicable excess policy, please be advised that the correspondence sent to various potential insurers and agents of the City of Hartford have been forwarded to you, including second requests for that information when earlier correspondence has gone unanswered.

I have discussed with Senior Assistant Corporation Counsel Nathalie Feola-Guerrieri the possibility of issuing subpoena and deposition notices to these various carriers and/or agents that have not responded to correspondence. Given the fact that this would be a costly undertaking, Nathalie has requested a sharing with your office for that endeavor.

I have recently been given authority to review records of the City's Treasurer's Office in an effort to find documentation relating to the applicable insurance policy and I intend to proceed directly in that regard.

I requested the policies in place in 2011 (the date when this litigation commenced) and Nathalie assured me that she will locate them and make same available to us.

Finally, a risk management agent has been identified by a former Risk Manager of the City that was providing services in the late 80s to early 90s and that information has been shared with Nathalie. She indicated she will follow-up with that entity as well.

Please contact the undersigned if you have any questions after your review of this correspondence.

Very truly yours,

James J. Szerejko

JJS/dakf

cc:  Nathalie Feola-Guerrieri (via e-mail)

**Rosemarie Paine**

| | |
|---|---|
| **From:** | Rosemarie Paine |
| **Sent:** | Monday, December 18, 2017 8:46 PM |
| **To:** | 'Szerejko, James J.'; Nathalie Feola Guerrieri |
| **Subject:** | update for the Court |

Judge Margolis has requested a follow up letter by Thursday on the status of the search for the missing policy. Please advise as soon as possible on the following:

- o an overview of actions defendants have taken thus far, and results of those actions;
- o what responses have been received to letters the City has sent;
- o has there been follow up to the letters;
- o is the City planning on taking records depositions at this point to speed up the process; and if not,
- o what other plans are there to locate the policy, and when will they be done?

Thank you,
Rosemarie Paine
Jacobs & Dow, LLC
350 Orange Street
New Haven  CT  06511-0606
(203) 772-3100 Office
(203) 466-8413 Direct Dial
(203) 772-1691 Fax
www.jacobslaw.com

1

## Rosemarie Paine

| | |
|---|---|
| **From:** | Rosemarie Paine |
| **Sent:** | Thursday, December 14, 2017 9:15 AM |
| **To:** | 'Szerejko, James J.' |
| **Subject:** | RE: update |

As a reminder to our last conversation, Judge Margolis wanted a follow up in two weeks (which would be this Friday).  Outstanding issues:  an overview of actions taken thus far and results (and particularly, what responses to letters have been received).  Further, do the defendants plan on taking records depositions at this point to speed up the process, and if not, what other plans are there?  Finally, when can the three of us have a telephone conference to discuss the above?

I am out of the office Friday afternoon, so please get back to me asap.  thanks Rosemarie

**From:** Szerejko, James J. [mailto:SZEREJKO@halloransage.com]
**Sent:** Thursday, December 14, 2017 7:58 AM
**To:** Rosemarie Paine <rpaine@jacobslaw.com>
**Subject:** Re: update

I have a call into Nathalie and am waiting for her response . Once I do , I shall give you a full report . Have a good day . Jim

Sent from my iPhone

RESPONSES TO:

James J. Szerejko, Esq.
Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103-4303
Telephone: 860-297-4658
Fax: 860-548-0006
szerejko@halloransage.com
www.halloransage.com

Confidentiality: The information contained in this e-mail message is intended only for the use of the individual or entity named above and is privileged and confidential. Any dissemination, distribution, or copy of this communication other than to the individual or entity named above is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

On Dec 13, 2017, at 1:05 PM, Rosemarie Paine <rpaine@jacobslaw.com> wrote:

Did you reach Nathalie?  If so, can you update me, and also provide dates for a conference call?

Rosemarie Paine
Jacobs & Dow, LLC
350 Orange Street

New Haven  CT  06511-0606
(203) 772-3100 Office
(203) 466-8413 Direct Dial
(203) 772-1691 Fax
www.jacobslaw.com

```
***.************ -COMM. JOURNAL- ***************** DATE DEC-21-2017 ***** TIME 14:34 ********

     MODE = MEMORY TRANSMISSION          START=DEC-21 14:31      END=DEC-21 14:34

        FILE NO.=520

STN   COMM.      STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES      DURATION
NO

00.    OK       a12037732304                               008/008    00:02:20


                                        -JACOBS & DOW, LLC        -

**.** UF-8000 v2 ***************** -JACOBS & DOW    - ***** -      203 772 1691- *********
```

LAW OFFICES OF

# Jacobs & Dow, LLC

350 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511
TELEPHONE (203) 772-3100
FAX (203) 772-1691
www.JacobsLaw.com

WILLIAM F. DOW, III[1]
JONATHAN KATZ[2]
ROSEMARIE PAINE[3], [4]
JOSEPH J. PACKTOR
NICHOLAS M. PRESTO

OF COUNSEL
RICHARD EMANUEL
TRISHA M. MORRIS

[1]Also admitted in Washington D.C.
[2]Managing Partner
[3]Board Certified Civil Trial Specialist
[4]Also admitted in New York

HOWARD A. JACOBS
(1824-2015)

FACSIMILE TRANSMISSION COVER SHEET

Date:                          12/21/17

To:                      Hon. Joan Margolis

Facsimile No.:           203-773-2304

From:                    Rosemarie Paine

Re:                      Roman

Number of Pages:              9
(including cover page)

NOTES: _____

_____

_____

CONFIDENTIALITY NOTICE

The document accompanying this facsimile transmission may contain information that is confidential and/or legally privileged from disclosure. The information is intended only for the use of the individual or entity named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile in error, please notify us by telephone immediately, so that we can arrange for the return of the original facsimile documents to us at no cost to you.

# EXHIBIT B



**HALLORAN
&SAGE LLP**

ATTORNEYS AT LAW

JAMES J. SZEREJKO  860 297-4658  szerejko@halloransage.com
Board Certified Civil Trial Advocate

January 12, 2018

**VIA E-MAIL**
Rosemarie Paine, Esq.
Jacobs & Dow, LLC
350 Orange Street
New Haven, CT 06511

> Re: **Miguel Roman v. City of Hartford, et al.**
> Our File No. : 5645.695

Dear Rosemarie:

In furtherance of recent correspondence sent to you by Attorney Feola-Guerrieri describing the continuous efforts being made to identify the City's excess insurance carrier for the claims made in the above captioned matter, I have personally reviewed records in the office of the City's Risk Manager, as well as that of the Finance Director's Office. As recently as yesterday, I personally reviewed archival documents in the Office of the City Treasurer and was unable to locate information relating to the applicable excess policy.

I have been in contact with a retired City employee who was Risk Manager in the City of Hartford in the mid to late 1980s. I have recently put him in touch with the present Risk Manager and the two will be working cooperatively to pursue different measures to identify the excess carrier and locate the policy. Further, an employee of the City Treasurer's Office is following up today on discussions I had with her concerning records stored at City Hall relating to invoice receipts going back to the 1980s. We are hoping that these efforts can lead to information that will be helpful in this quest.

Finally, I intend to contact the retired Corporation Counsel who held that position in the late 1980s to see what he recalls and what suggestions he has to assist our search.

Given what I have set forth herein, as well as the efforts being made by Attorney Feola-Guerrieri, I would request that we report back to the Court by January 31, 2018 as to the results of these efforts. In the meantime, we can pursue noticing records

Rosemarie Paine, Esq.
January 12, 2018
Page 2


keeper depositions for those carriers and/or insurance agents that have not responded to Attorney Feola-Guerrieri's correspondence.

Please contact me if you have any questions or suggestions concerning the matters set forth herein.

Very truly yours,

James J. Szerejko

JJS/dakf

cc:  Nathalie Feola-Guerrieri (via e-mail)

5185338v.1