ELECTRONIC ENDORSEMENT ON PLAINTIFF'S MOTION TO COMPEL, FILED 7/5/17 (Dkt. #141) IN <u>ROMAN V. CITY OF HARTFORD ET AL.</u>, 11 CV 491 (JBA)

1/29/18 – On July 5, 2017, plaintiff filed the pending Motion to Compel (Dkt. #141),[1] regarding his efforts, over a six year period, to obtain information regarding any excess insurance coverage defendants might have with respect to the claims in this lawsuit.  On August 7, 2017, defendant City of Hartford filed its brief in opposition (Dkt. #145),[2] and ten days later, the motion was withdrawn with respect to the individual police officers.  (Dkt. #146).  On January 16, 2018, plaintiff filed his reply brief.  (Dkt. #147).[3]

As indicated in plaintiff's reply brief, throughout this time period, counsel forwarded letters to this Magistrate Judge (two in August 2017, two in September 2017, and one in December 2017), outlining the parties' continuing efforts to resolve this motion without further burdening the Court. (<u>See also</u> Dkts. ##142-43).

---

[1] The following twelve exhibits were attached: copy of correspondence between defense counsel and Lexington Insurance Company, dated May 18, 2017 (Exh. A); excerpts from Preliminary Disclosures Pursuant to Rule 26(a)(1) of Defendants Stanley Lukas, Gerald Kumnick, James Rovella, Stephen Kumnick, Frederick Lewis and James Pasquarell, dated January 26, 2011 (Exh. B); excerpts from Defendants City of Hartford and Sullivan's Compliance with and Objections to Plaintiff's First Set of Requests for Production of Documents, dated October 1, 2012 (Exh. C); excerpts from letter from defense counsel to plaintiff's counsel, dated December 10, 2012 (Exh. D); copies of emails (or excerpts of emails) between counsel, dated April 20 and May 19, 2016, February 24, March 1 and 20, and July 5, 2017 (Exhs. E, G-K); copy of Defendants City of Hartford and Sullivan's Supplemental Compliance with and Objections to Plaintiff's First Set of Requests for Production of Documents, dated May 19, 2016 (Exh. F); and excerpts from article, "Mending the Insurance Safety Net" (Exh. L).

[2] The following sixteen exhibits were attached: copy of Defendants City of Hartford and Sullivan's Compliance with Rule 26(A) Disclosures, dated July 28, 2011 (Exh. 1); copy of Defendants City of Hartford and Sullivan's Compliance with and Objections to Plaintiff's First Set of Requests for Production of Documents, dated October 1, 2012 (Exh. 2); copy of Defendant City of Hartford's Third Supplemental Compliance with Rule 26(A) Disclosures, dated March 20, 2014, with lengthy exhibit (Exh. 3); copy of defense counsel's letters to this Magistrate Judge, dated March 20, 2014 with exhibit, and June 23, 2017 (Exhs. 4, 16); copy of State of Connecticut Office of the Claims Commission's Memorandum of Decision: Wrongful Incarceration, dated February 8, 2016, regarding plaintiff(Exh. 5); copy of correspondence from Travelers to defense counsel, dated May 10, 2016 (Exh. 6); another copy of Defendants City of Hartford and Sullivan's Supplemental Compliance with and Objections to Plaintiff's First Set of Requests for Production of Documents, dated May 19, 2016 (Exh. 7); copy of correspondence between counsel, dated November 4, 2016, with exhibits (Exh. 8); copy of letter from AIG Claims, Inc., dated February 8, 2017 (Exh. 9); another copy of email between counsel, dated March 20, 2017, with exhibit (Exh. 10); copy of deposition transcript, taken on April 5, 2017, at which Lexington Insurance Company failed to appear (Exh. 11); copies of correspondence between defense counsel and counsel for Lexington Insurance Company, dated April 6 and May 18, 2017 (Exhs. 12-14); copy of email between counsel, dated May 23, 2017 (Exh. 15).

[3] Two exhibits were attached: copies of correspondence from plaintiff's counsel to this Magistrate Judge, dated August 8 and 18, September 1 and 21, and December 21, 2017, copies of correspondence between counsel, dated July 20 and December 20, 2017, and copies of email between counsel, dated August 4 and 7, December 13, 14 and 18, 2017 (Exh. A); and copy of correspondence between counsel, dated January 12, 2018 (Exh. B).

As set forth in plaintiff's reply brief (Dkt. #147, at 5), as to which defendant City of Hartford appears to agree (id., Exh. B), the pending Motion to Compel (Dkt. #141) is <u>granted in limited part as follows</u>: **on or before February 28, 2018**, defense counsel shall coordinate subpoenas, and the scheduling of records depositions, to obtain adequate responses from all insurance companies or vendors who have not responded to letter requests; **by the same date**, defense counsel will confirm that correspondence requesting the policy information has been sent out to all agents and insurance companies with which defendant City of Hartford has done business from the time period 1980 through 1995, and, if there are vendors and companies that have no been contacted, then letters be sent immediately; and **by the same date**, defense counsel will report on their efforts of their continued pursuit of contacts made with current and former City of Hartford officials who may have relevant knowledge.